611 So.2d 47 (1992)
Herbert A. COOK, Petitioner,
v.
Honorable Nick NAVARRO, in his official capacity as Sheriff of Broward County, Florida, and/or his successor in office, Respondent.
No. 92-3312.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
Charles Wender of Smith, Smith & Wender, P.A., Boca Raton, for petitioner.
Brad S. Bailey, Assistant Legal Counsel, Fort Lauderdale, for respondent.
PER CURIAM.
Petitioner has filed for habeas corpus relief, claiming that he has been incarcerated on an order of civil contempt for failure to pay child support. That order was entered on August 9, 1991, and provided for a purge amount of $51,960.24. In the order the court made a finding of present ability to pay. That finding was the result of the court's prior ruling prohibiting Petitioner from introducing any evidence with regard to financial inability because of his failure to comply with discovery orders.
Petitioner was arrested in November 1992, over a year after the order of contempt which found a present ability to pay. Appellant, a victim of Alzheimer's disease, through counsel requested a hearing on various issues, including the fact that he lacked the present ability to purge himself of the contempt. Opposing counsel objected, and the trial court refused to take evidence on this issue.
Appellant is entitled to a hearing where he has the opportunity to demonstrate that he does not have the ability to pay the substantial purge amount. Bowen *48 v. Bowen, 471 So.2d 1274 (Fla. 1985), states, "Because incarceration is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply." Id. at 1277. Here, the first order of contempt was entered over a year before appellant's arrest. As in Laing v. Laing, 574 So.2d 279 (Fla. 3d DCA 1991), the passing of a substantial period of time between the order of contempt and appellant's seizure compels the court upon petitioner's request to conduct a Bowen hearing on petitioner's present ability to purge himself. We therefore order the trial court to conduct such a hearing within five working days. We would point out, however, that in such hearing the petitioner has the burden of going forward with the evidence. See Laing.
We are also concerned about the competency of the petitioner and would suggest that the trial court may wish to consider application of Rule 1.210(b), Florida Rules of Civil Procedure.
HERSEY and WARNER, JJ., concur.
LETTS, J., dissents without opinion.