PER CURIAM.
Appellant, Douglas J. Peterson, appeals two orders awarding trial and appellate attorney’s fees to counsel for appellee, Alexandra Asklipious, in Case No. 4D02-2921. In a related case, No. 4D02-8997, Peterson appeals a trial court order finding him in contempt of court. These cases have been consolidated for purposes of appeal. We affirm the trial court’s award of attorney’s fees to appellee’s trial counsel. We also affirm the award of fees to appellee’s appellate counsel. We reverse, however, the trial court’s order finding appellant in contempt.
Peterson and Asklipious are the parents of a child bom February 26, 1999. Peterson was ordered to pay attorney’s fees to Asklipious’s trial and appellate attorneys based upon a petition to determine paternity and request for custody and child support filed by Peterson. The amount was required to be paid within sixty days of the date of the orders. When Peterson failed to make either payment, upon motion by both the trial and appellate attorneys, the court found Peterson in contempt. It ordered him to be incarcerated for fifteen days unless he should sooner purge himself of contempt by paying the amount ordered by the court in both orders.
On appeal, Peterson argues that the trial court erred in awarding trial and appellate attorney’s fees to Asklipious’s attorneys. We find no error in the trial court’s award of fees to Asklipious’s trial counsel. Furthermore, Peterson’s argument concerning the error in awarding appellate attorney’s fees was not presented to the trial court. We find that Peterson has waived this argument for purposes of appeal. See Hoffman v. Hoffman, 793 So.2d 128 (Fla. 4th DCA 2001).
We reverse the court’s order holding Peterson in contempt. Peterson not only appealed the contempt order, but also filed a writ of prohibition after the trial judge denied his motion to disqualify the judge. This court has already granted Peterson’s petition for writ of prohibition. See Peterson v. Asklipious, 833 So.2d 262 (Fla. 4th DCA 2002). The motion for disqualification was based upon the trial court’s comments at the hearing on the motion for contempt, wherein the following transpired:
THE COURT: So he’s going to tell me one more time he has no money when I haven’t believed him anytime before that?
[PETERSON’S] COUNSEL: Well, he’s entitled. It’s not a matter of what you believe, it’s a matter of ...
THE COURT: Unfortunately, I already made those findings, and I don’t need his testimony.
[PETERSON’S] COUNSEL: It’s a matter of the evidence, Your Honor.
THE COURT: Motion for contempt is granted.
Id. at 263.
At the contempt hearing, Peterson had the burden of demonstrating that he no longer had the ability to make the payments ordered in the attorney’s fee order, and a due process right to put on whatever evidence he could to carry that burden. Walker v. Edel, 727 So.2d 359 (Fla. 5th DCA 1999); see Cook v. Navarro, 611 So.2d 47 (Fla. 4th DCA 1992). Although it may be true that he could, in fact, make these payments, he was nevertheless entitled to demonstrate his inability to do so. Because the court did not allow him to present evidence of his inability to pay, we reverse the order holding him in contempt of court.
*706 AFFIRMED in part; REVERSED in part, and REMANDED.
KLEIN, GROSS and TAYLOR, JJ., concur.