SHEPHERD, C.J.
In this paternity action, the father, Anthony Patrick Baratta, seeks certiorari review of an order finding him in contempt *408 for failing to make a court-ordered payment of temporary attorney’s fees to the mother, and the father’s counsel, Sandy T. Fox, appeals from that portion of the order directing counsel to disgorge funds held in trust as unearned attorney’s fees. We consolidated the petition for writ of certio-rari and the appeal, and now deny the petition and affirm the order on appeal.[1]
The mother originally moved for temporary financial relief in November 2012. Following an evidentiary hearing, which the father did not attend despite notice, the trial court found: (1) the mother had financial need for temporary attorney’s fees, suit monies, and costs; (2) a reasonable amount for such fees is $83,670; and (3) the father had the ability to pay. The trial court ordered the father to pay within fifteen days, which the father failed to do. Thereafter, pursuant to the parties’ agreement, the trial court ordered the father to pay Dr. Faust $15,000 for a social investigation of the parties and the child. Again, the father did not pay.
The mother moved the trial court for contempt and sanctions for the father’s failure to pay the $83,670, and later for nonpayment of the agreed $15,000 to Dr. Faust. Both motions were considered by the court in an evidentiary hearing on January 16, 2014. After considering the evidence, the trial court concluded the father was not credible and was thwarting discovery in a deliberate attempt to appear impoverished. The court determined competent substantial evidence supported the prior adverse inference as to the father’s ability to pay the court-ordered sums. With regard to the $15,000 due Dr. Faust, the court reserved ruling on coercive sanctions because the amount was not a support obligation, and instead referred the parties to Family Court Services for psychological evaluations. With regard to the $83,670 due to the mother as temporary attorney’s fees, the court ordered the father to pay a $20,000 purge or face incarceration. Additionally, the court ordered the father’s counsel to review his trust account and turn over to the mother’s counsel any undisbursed funds held in trust for the father as of January 16, 2014.
We conclude the trial court did not depart from the essential requirements of law in finding the father in contempt and ordering him to pay a $20,000 purge to avoid incarceration. See § 61.14(5)(a), Fla. Stat. (2014) (providing for a presumption of obligor’s ability to pay in contempt proceedings which the obligor has the burden of disproving); see also Sibley v. Sibley, 833 So.2d 847 (Fla. 3d DCA 2002). Additionally, we affirm per curiam the trial court’s order directing Attorney Fox to disgorge any unearned attorney’s fees held in trust for the father.
This opinion shall take effect immediately notwithstanding the filing of a motion for rehearing.
Petition for Writ of Certiorari denied; appeal affirmed.

. We also granted stay of the trial court order pending appellate review. With issuance of this opinion, we lift the stay.