# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1184
Lower Tribunal No. 22-20009-FC-04
_____


**Gonzalo Bouquet,**
Appellant,

vs.

**Joanna Jones,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Gonzalo Bouquet, in proper person.

Filler Rodriguez LLP, and Catherine M. Rodriguez, for appellee.


Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Affirmed. See Baratta v. Costa-Martinez, 139 So. 3d 407, 408 (Fla. 3d DCA 2014) ("After considering the evidence, the trial court concluded the father was not credible and was thwarting discovery in a deliberate attempt to appear impoverished. The court determined competent substantial evidence supported the prior adverse inference as to the father's ability to pay the court-ordered sums. . . . We conclude the trial court did not depart from the essential requirements of law in finding the father in contempt and ordering him to pay a $20,000 purge to avoid incarceration."); Peterson v. Asklipious, 855 So. 2d 704, 705 (Fla. 4th DCA 2003) ("At the contempt hearing, Peterson had the burden of demonstrating that he no longer had the ability to make the payments ordered in the attorney's fee order[.]"); Carlton v. Carlton, 816 So. 2d 254, 256 (Fla. 2d DCA 2002) ("The trial court's order expressly found that [the former husband] had the ability to pay. The record lacks a transcript of the hearing where the trial court accepted evidence on this issue. Therefore, we are compelled to affirm."); Giltex Corp. v. Diehl, 583 So. 2d 734, 735 (Fla. 1st DCA 1991) (recognizing that the absence of an evidentiary hearing transcript or stipulated statement of facts compels affirmance where the trial court's order awarding attorney's fees makes the express findings required by Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985)).