503 So.2d 989 (1987)
Barbara LEIGH, Petitioner,
v.
C. McFerrin SMITH, III, etc., Respondent.
No. 87-125.
District Court of Appeal of Florida, Fifth District.
March 12, 1987.
*990 Delia A. Doyle, Daytona Beach, for petitioner.
No Appearance for respondent.
DAUKSCH, Judge.
This matter is before the court upon a petition for writ of prohibition. The petition is facially sufficient to require this court to order the respondent to show cause why the writ should not issue and such order was issued in accordance with Rule 9.100(f), Florida Rule of Appellate Procedure. No response has been filed, thus no cause shown.
It is alleged in the petition that petitioner requested the respondent to recuse himself from acting as her judge because she had a fear that it would be "impossible to receive a fair and impartial hearing from respondent." In her affidavit below, which is a part of her petition here she said:
Affiant has learned of representation in Court proceedings wherein Garrett L. Briggs was attorney of record for The Honorable McFerrin C. [sic] Smith.
Affiant has learned of a close personal relationship between the Honorable McFerrin C. [sic] Smith and Garrett L. Briggs.
Affiant has learned of past instances wherein as a result of the aforementioned representation and friendship the Honorable McFerrin C. [sic] Smith recused himself in matters in which Garrett L. Briggs was the attorney of record. The affiant only learned of the involvement between the Honorable McFerrin C. [sic] Smith and Garrett L. Briggs during the week of November 17, 1986 when she interviewed a number of Volusia County attorneys seeking to obtain representation in this cause.
Affiant observed gestures and demeanor of the Court which she believes exhibits the court's friendship and favoritism toward Mr. Briggs throughout the proceedings.
Affiant observed instances in the trial of these proceedings in which the Court would make inquiry to Mr. Briggs or otherwise signal Mr. Briggs in a manner calculated to make a motion or raise an objection before the Court.
Affiant believes that the Court is prejudiced against her and while the Court has stated early in the proceedings that it found the affiants [sic] motives to be for the protection of the minor child the court now inconsistently finds the child was "programmed". While the Court has not so stated the affiant believes that the Court feels she programmed the minor child and that such conclusion of the Court is a result of prejudice and bias of the Court against her.
She also alleges in her petition that she filed another affidavit below wherein she said:
3. Your affiant has learned the following facts:
A. That Garrett L. Briggs, attorney for the adverse party, WILLIAM BRYAN, was the campaign treasurer for the Honorable C. McFerrin Smith, III, in his election to the Court [sic] Court in and for Volusia County, Florida.
B. That Garrett L. Briggs, attorney for the adverse party, WILLIAM BRYAN, was the attorney of record for *991 the Honorable C. McFerrin Smith, IIII, [sic] in the adoption proceedings of his minor son.
C. That subsequent to the hearing held on December 17, 1986, the affiant, in questioning her attorney concerning any other possible relationship between the Honorable C. McFerrin Smith, III, Circuit Judge, and Garrett L. Briggs, attorney for the adverse party, was informed that the Honorable C. McFerrin Smith and Garrett L. Briggs served together as Assistant State Attorneys for the Seventh Judicial Circuit prior to his appointment to the County Court in and for Volusia County, Florida.
When faced with a motion for disqualification a judge is bound to follow Rule 1.432(d), Florida Rules of Civil Procedure, which says:
Determination. The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action.
Certainly an allegation that a judge assisted the opposing attorney in the trial of the case by "signalling" is sufficient, by itself, to warrant disqualification. That is not to say that the other allegations, some individually, and all taken together do not warrant disqualification. Any time a judge feels it is necessary to recuse himself from an attorney's case on account of an overriding friendship with the attorney then he should do so in all, not just some of that attorney's cases.
All persons who appear in court expect to receive a determination of their cases based upon the merits of the case and not upon some extrinsic circumstances, such as friendship or enmity between judge and lawyer, or political persuasion of the judge, or his religious convictions, or his financial investments, or social contacts.
We do not know whether the allegations in the petition are true. The rule requires the judge to be disqualified whether the allegations are true or not. Therefore the writ is issued and respondent is prohibited from further acting in the case below or in any other or future litigation concerning the petitioner.
WRIT ISSUED.
COBB, J., concurs.
COWART, J., dissents without opinion.