DAUKSCH, Judge.
This matter is before the court upon a petition for writ of prohibition.
The allegations of the petition are the same as those which this court found sub *714 stantially sufficient, but procedurally deficient, in McGibeny v. Smith, 511 So.2d 1083 (Fla. 5th DCA 1987).
The allegations of the petition before this court are legally sufficient, as were, those in the Motion for Disqualification of Judge filed below. The order denying the disqualification was error.
In his responses to this court’s Rule to Show Cause the respondent, both on the previous occasion and this one, relies upon Livingston v. State, 441 So.2d 1083 (Fla.1983). Respondent urges that this court cannot enter an order of general disqualification against him. He says implicitly he must be prohibited in each case on its own petition whenever a litigant raises his alleged relationship and favoritism regarding attorney Garret L. Briggs. We are willing to consider each petition as it is filed even though a preferable result could be obtained if the respondent would look at the matter more objectively. This case, like Leigh v. Smith, 503 So.2d 989 (Fla. 5th DCA 1987) makes it apparent that it will never be very difficult for a litigant to obtain a writ of prohibition when Judge Smith denies a motion to disqualify himself from a case where Mr. Briggs is opposing counsel.
We do not deem it necessary to write a treatise on a judge’s duty to avoid the appearance of impropriety. Nor do we need to explain why it is best for all litigants to feel no outside influences or other biases affect judges’ decisions. We know Judge Smith knows that. What we cannot understand, though, is why in the face of a motion to disqualify which was the same as the one this court had already found legally sufficient in its substance, he ruled to the contrary. He must have known this court would stand by its decision. The immaterial response that this court is without authority to enter a general disqualification, in face of a petition which did not seek a general disqualification, in face of a petition which did not seek a general disqualification, and which only concerned this petitioner, gives this court the impression that, in fact, no factually material response is available. If that is the case in the future, as was here and probably in Leigh, then perhaps respondent might reconsider his confrontational stance.
The writ of prohibition is issued and respondent is prohibited from acting in the case below or any other litigation concerning the petitioner.
WRIT ISSUED.
SHARP, C.J., concurs.
COWART, J., concurs in result only.