698 So.2d 1205 (1997)
Darryl HENDERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 89178.
Supreme Court of Florida.
June 26, 1997.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Petitioner.
Robert A. Butterworth, Attorney General and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, for Respondent.
PER CURIAM.
We have for review a decision certifying the following question to be of great public importance:
DOES THE DECISION IN CONEY v. STATE, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995) APPLY TO CASES IN WHICH THE JURY SELECTION PROCESS TOOK PLACE AND THE ENTIRE TRIAL CONCLUDED DURING THE PERIOD OF TIME AFTER THE ISSUANCE OF THE CONEY OPINION BUT PRIOR TO THE TIME THAT CONEY BECAME FINAL BY THE DISPOSITION OF ALL MOTIONS FOR REHEARING DIRECTED TO THAT OPINION?
Henderson v. State, 679 So.2d 805, 808 (Fla. 3d DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The District Court of Appeal held that Coney did not apply to Henderson's case, because Coney was pending on rehearing at the time of Henderson's trial.
In Coney, we expressly stated our ruling was prospective only. Coney, 653 So.2d at 1013. When we state that a ruling is prospective only, the ruling does not take effect until the time for rehearing has run. See, e.g., Allen v. State, 662 So.2d 323, 329 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1326, 134 L.Ed.2d 477 (1996). Accordingly, where the jury selection process took place before Coney was final, Coney does not apply.
We answer the certified question in the negative and approve the decision of the District Court of Appeal to the extent it is consistent with this opinion.
It is so ordered.
*1206 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.