833 So.2d 262 (2002)
Douglas PETERSON, Petitioner,
v.
Alexandra ASKLIPIOUS, Respondent.
No. 4D02-4170.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
*263 Robert L. Bogen of the Law Offices of Braverman & Rossi, Boca Raton, for petitioner.
Randy D. Ellison, West Palm Beach, for respondent.
PER CURIAM.
Petitioner Douglas Peterson seeks prohibition following a trial court order denying his motion to disqualify the judge presiding in post-judgment domestic proceedings. We grant the petition.
Petitioner was ordered to pay attorney's fees in connection with an amended final judgment establishing paternity, residence and support. The trial court made a finding of petitioner's ability to pay the fees at that time. When payment was not made, respondent's counsel moved for contempt against petitioner. At the hearing, the presiding judge said:
THE COURT: So he's going to tell me one more time he has no money when I haven't believed him anytime before that?
PETITIONER'S COUNSEL: Well, he's entitled. It's not a matter of what you believe, it's a matter of ...
THE COURT: Unfortunately, I already made those findings, and I don't need his testimony.
PETITIONER'S COUNSEL: It's a matter of the evidence, Your Honor.
THE COURT: Motion for contempt is granted....
The trial court thereupon entered orders granting contempt in favor of respondent's trial firm and appellate counsel. The court found that petitioner had the ability to pay the purge provision set by the court based on previous hearings on petitioner's finances, including a hearing held just 90 days earlier. Petitioner is separately appealing the contempt orders.
Petitioner filed a timely motion to disqualify based on these comments attributed to the trial judge. The trial judge denied the motion.
Allegations in a motion to disqualify are reviewed under a de novo standard as to whether the motion is legally sufficient as a matter of law. See § 38.10, Fla. Stat.; Armstrong v. Harris, 773 So.2d 7 (Fla. 2000), cert. denied, 532 U.S. 958, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001). A motion to disqualify is governed in substance by section 38.10, Florida Statutes, and procedurally by rule 2.160, Florida Rules of Judicial Administration. The rule states that "[a] motion to disqualify shall show ... that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.160(d)(1).
Whether the motion is legally sufficient requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990).
The term "legal sufficiency" encompasses more than mere technical compliance with the rule and the statute; the court must also determine if the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial *264 trial. Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981).
We find that petitioner met his burden in this case. The motion was legally sufficient. The trial judge's comments gave petitioner a well founded fear that the judge would not afford petitioner a fair and impartial trial on the contempt motion pending before him. As well, the trial judge is alleged to have been unwilling to afford petitioner the opportunity to be heard on his ability to pay the attorney's fees previously ordered, a due process right in the contempt proceedings. See Zuchel v. State, 824 So.2d 1044 (Fla. 4th DCA 2002); Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996).
Accordingly, the petition for writ of prohibition is granted. Any orders entered after the filing of the motion for disqualification shall be vacated.
POLEN, C.J., FARMER and MAY, JJ., concur.