PER CURIAM.
Contending that the trial judge should have granted a motion for disqualification, Mary M. Livingston petitions this court for a writ of prohibition. We have jurisdiction. Zuehel v. State, 824 So.2d 1044 (Fla. 4th DCA 2002). We conclude that the motion was timely and facially sufficient; we therefore grant the petition.
Livingston was convicted of certain felonies and appealed to this court. Some of the convictions were affirmed, but this court found there was insufficient evidence to support other convictions. The cause was reversed and remanded for further proceedings, including resentencing. Livingston v. State, 833 So.2d 298 (Fla. 1st DCA 2002).
On remand, the cause was reassigned to Judge Jan Shackelford, who had conducted the trial and imposed the original sentence. Livingston’s motion for disqualification asserted, among other things, that the defendant had learned within the previous ten days that Judge Shackelford had, in at least one other criminal matter pending before her, revealed to the parties that she and Assistant State Attorney Brenda Neel were former co-workers in the State Attorney’s Office and the two maintained a current friendship which included social lunches and dinners. Ms. Neel represented the state in the circuit court proceedings which led to Livingston’s original judgments and sentences. Despite her apparent intent in the other case to have the case reassigned to another judge or to request that the state replace Ms. Neel, Judge Shackelford denied Livingston’s motion for disqualification as legally insufficient.
The judge’s decision is reviewed on a de novo basis. Amato v. Winn Dixie Stores, 810 So.2d 979 (Fla. 1st DCA 2002). The question is whether a reasonably prudent person, faced with these facts, would be put in fear of not receiving a fair and impartial trial (or, in this case, resentenc-ing) before this particular judge. Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995). We answer this question affirmatively. The motion satisfied the test set forth in Levine, and numerous other reported Florida decisions, for the facial sufficiency of a motion to disqualify a trial judge.
We also address the issue of the technical sufficiency of the motion. Florida Rule of Judicial Administration 2.160(c) requires that counsel certify that the motion and the client’s statements are made in good faith. Here, counsel certified that the motion was made in good faith, but omitted the language concerning the client’s statements. The exact language contained in the certification was:
15. THE UNDERSIGNED ATTORNEY, Michael R. Rollo, Esquire, attorney for DEFENDANT, Mary Melissa *355 Livingston, as an officer of the Court, as an attorney in good standing with the Florida Bar, and in compliance with Rule 2.160(c), Fla. R. Jud. Admin., certifies that the instant Motion to Disqualify is made in good faith.
Here, the motion to disqualify consisted almost entirely of the client’s statements made under oath. By certifying that the motion was made in good faith and in compliance with the applicable rule, counsel necessarily certified that the client’s affidavit was made in good faith. Denial of the motion on this technical ground was error.
Accordingly, we grant the petition and remand the cause to Judge Shackelford with directions to grant the motion for disqualification and request that the Chief Circuit Judge assign another judge to preside over the resentencing of Livingston.
PETITION GRANTED.
ALLEN, DAVIS and BENTON, JJ., concur.