868 So.2d 1214 (2004)
CITY OF HOLLYWOOD, Florida, Petitioner,
v.
Richard H. WITT, Lizabeth Kayne, Katarina Dijak, Steve Dijak, Diamond on the Beach, Inc., and Diamond Parking, Inc., Respondents.
Nos. 4D03-3392, 4D03-3394, 4D03-3395 & 4D03-3396.
District Court of Appeal of Florida, Fourth District.
March 17, 2004.
*1215 Daniel L. Abbott, Fort Lauderdale, and Michael S. Popok of Weiss Serota Helfman Pastoriza Guedes Cole & Boniske, P.A., Fort Lauderdale, for petitioner.
Pamela S. Terranova of Law Offices of Pamela S. Terranova, Fort Lauderdale, for respondent Richard H. Witt.
Kelley B. Gelb of Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee, P.A., Fort Lauderdale, for respondents Katarina and Steve Dijak.
Martin B. Woods of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for respondents Diamond on the Beach, Inc. and Diamond Parking, Inc.
TAYLOR, J.
The City of Hollywood has filed four petitions for writ of prohibition following the trial judge's order, after remand, denying its motions for disqualification, filed in four separate lower tribunal cases. We sua sponte consolidated these petitions.[1] For the reasons discussed below, we grant one of the petitions, but deny relief as to the other three.
In February 2003, the City of Hollywood (City) filed a motion to disqualify Broward County Circuit Judge Robert Lance Andrews from continuing to preside over a consolidated matter styled City of Hollywood, *1216 Florida v. Diamond Parking, Inc., L.T. case no. 99-3340, and Diamond on the Beach, Inc. v. City of Hollywood, Florida, L.T. case no. 99-8772 (the Diamond litigation). Two weeks before, that litigation had resulted in a jury verdict against the City for $850,000. After the verdict, the City served a motion for new trial and remittitur. However, before the scheduled hearing on the motion, the City sought disqualification of the judge in that litigation, as well as in other trials and hearings pending before the judge. The City's motion for disqualification was based on certain comments allegedly made by the judge concerning the Diamond litigation.
According to the sworn affidavit filed by Robert M. Oldershaw, the City's chief litigation counsel, Oldershaw overheard a conversation between Judge Andrews and an attorney, Pamela Terranova, who was representing a party against the City in a different action before the judge.[2] The affidavit alleges that this conversation took place outside of the judge's chambers in front of various attorneys at the start of the motion calendar, just three days after the jury returned the verdict in the Diamond litigation. According to Oldershaw, Judge Andrews commented that he did not believe any of the City's witnesses in the Diamond trial and thought that they lied during the trial. He also said that he did not believe in the City's defense or some of the arguments or statements made to the court by the City's trial counsel, Michael Popok. The affidavit goes on to describe the judge's mocking reference to the size of the jury verdict and the City's ability to pay the judgment.
Based on Oldershaw's affidavit, the City sought the judge's disqualification in four separate cases in which the City was a party.[3] In a memorandum opposing the disqualification motion, Terranova attached an affidavit contradicting Oldershaw's affidavit as to the contents of her conversation with Judge Andrews.[4] After consolidating the four cases, the judge held a hearing and denied the City's motions as "procedurally insufficient" for improperly seeking a "blanket recusal" in all matters.
The City thereafter filed four petitions for writ of prohibition, which we consolidated and granted in part. City of Hollywood v. Diamond on the Beach, Inc., 855 So.2d 87 (Fla. 4th DCA 2003). There, we ruled that the City's motions for disqualification were not procedurally insufficient because the City properly sought disqualification by filing a separate motion in each case. We granted the petition "only to the extent of returning the four cases to the trial court to consider each motion separately as it relates to the case in which it was filed, and to determine whether that motion is `legally sufficient' within the meaning of rule 2.160(f), Florida Rules of Judicial Administration." Fifty-six days after the mandate issued, Judge Andrews denied the four motions, this time as legally insufficient. Whereupon, the City filed this second set of four petitions for writ of prohibition.
In determining whether a motion to disqualify is legally sufficient we review *1217 the motion's allegations under a de novo standard. See Peterson v. Asklipious, 833 So.2d 262, 263 (Fla. 4th DCA 2002). Rule 2.160(f), Florida Rules of Judicial Administration, requires a judge to enter an order granting disqualification if the motion to disqualify is "legally sufficient." The motion is legally sufficient if it alleges facts that would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990); Rogers v. State, 630 So.2d 513, 515 (Fla.1993). The burden is on the party seeking disqualification to show a well-founded fear of not receiving a fair trial. See Adkins v. Winkler, 592 So.2d 357 (Fla. 1st DCA 1992). In ruling on the motion, the judge cannot pass on the truth of the factual allegations set forth in the sworn motion or affidavit, but must take them to be true, deciding only the legal sufficiency of the motion. See Brown v. St. George Island, Ltd., 561 So.2d 253, 255 (Fla.1990); Hayslip v. Douglas, 400 So.2d 553, 555-56 (Fla. 4th DCA 1981).
The City maintains that the comments of the trial judge recited in the Oldershaw affidavit are legally sufficient to establish the City's well-founded and reasonable fear of bias and prejudice against it in all four of its pending cases. We agree that the City met its burden as to the Diamond litigation. See Brown, 561 So.2d at 257 (noting that a statement by a judge that he feels a party has lied in a case generally indicates a bias against that party); Peterson v. Asklipious, 833 So.2d at 263 (finding petitioner met burden of demonstrating well-founded fear of not receiving fair trial on contempt motion where court indicated it did not need to hear petitioner's testimony "to tell me one more time that he has no money when I haven't believed him anytime before that"); Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981)(finding motion to disqualify and supporting documents legally sufficient where at pre-trial hearing on plaintiff's counsel's motion to withdraw, the trial judge pointed to defendant's attorney and said that he would like to add that lawyer's name to the motion to withdraw, as he should not be in the case, thus indicating the judge's antipathy toward defendant's lawyer).
However, we disagree that the City has met its burden to establish grounds for disqualification as to the other three cases. The motion for disqualification and supporting affidavit in all these cases concern the same comments of the trial judge. Yet, the remarks attributed to the judge pertain only to the veracity of the witnesses and counsel in the Diamond litigation. There is no indication in the record that the attorney who represents the City in the Diamond litigation also represents the City in the other three trial court proceedings. Further, there is no indication in the record that the claims in the other three cases have any relationship with the Diamond claims or that the witnesses in the other cases will be the same witnesses whose veracity was questioned in the Diamond cases. We therefore conclude that the motion for disqualification is not legally sufficient to establish a well-founded fear on the part of the City that it will not receive a fair trial from the trial judge in the other three cases. Consequently, we deny the petition for writ of prohibition as to those cases.
As an alternative ground for granting the petitions for writ of prohibition, the City argues that the trial judge's delay in ruling on the disqualification motion after the mandate was issued requires his disqualification. In Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299 (Fla.2003), the supreme court held that, pursuant to *1218 rule 2.160's requirement that the motion for judicial disqualification be ruled on immediately, a disqualification motion must be ruled on within thirty days after its presentation to the court. However, the court held that its holding was to apply prospectively.[5] In this case, the trial judge ruled on the motions for disqualification before Tableau came into effect.[6] We thus do not find that Tableau requires that the delay in ruling on the disqualification motion results in the automatic granting of the motion.
For the foregoing reasons, we grant the petition for writ of prohibition as to case no. 4D03-3396 (the Diamond litigation), but deny the petitions as to case nos. 4D03-3392, -3394, and -3395.
GRANTED in part and DENIED in part.
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] Hollywood v. Witt, 4D03-3392; Hollywood v. Kayne, 4D03-3394; Hollywood v. Dijak, 4D03-3395, and Hollywood v. Diamond, 4D03-3396.
[2] Witt v. City of Hollywood, L.T. case no. 96-11405.
[3] The disqualification motion was authorized by the City's Resolution R-2003-035.
[4] We do not consider Terranova's affidavit in determining whether the motions to disqualify were sufficient. See Fla. R. Jud. Admin. 2.160(f)("The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed ... shall not pass on the truth of the facts alleged."); Hayslip v. Douglas, 400 So.2d 553, 555-56 (Fla. 4th DCA 1981) (noting facts alleged must be taken as true).
[5] The supreme court requested the Florida Bar Judicial Administration Rules Committee to draft an amendment to rule 2.160 consistent with this opinion. Tableau, 853 So.2d at 303.
[6] The mandate did not issue in Tableau until August 20, 2003, after the trial judge ruled. See Henderson v. State, 698 So.2d 1205 (Fla.1997)(prospective ruling does not take effect until time for rehearing has run).