WARNER, J.
The former husband petitions for a writ of prohibition to prevent the trial judge from continuing to preside over the post-dissolution proceedings. He filed a motion to recuse the trial judge after she denied him an opportunity to present any case at all on the former wife’s motion to hold him in contempt for failure to provide financial accountings with respect to certain non-marital assets. We agree and grant the writ.
The motion to recuse alleges, and the transcript of the hearing reveals, that at the hearing on the motion for contempt the judge refused to permit the former husband to present any defense at all on the motion. While the former wife’s attorney was allowed to fully examine the first witness, an accountant, the judge cut off cross-examination. Then the former wife called the former husband for a few short questions regarding documents he produced in connection with a particular business in which he had invested. When the former wife’s attorney had asked only a few questions, the time for the hearing had run. The former husband’s attorney requested to continue the hearing until the next week when more time had been set aside. Instead, the judge determined that she had sufficient knowledge of the case from prior proceedings and would hold the former husband in contempt. The judge stated that the former husband had not successfully explained his conduct, but his attorney rightfully pointed out that the court had not given him the opportunity to do so. Both an oral motion to recuse, followed by a timely written motion, were denied by the judge, prompting this petition for writ of prohibition.
Our recent case of Peterson v. Asklipious, 833 So.2d 262 (Fla. 4th DCA 2002), is controlling. There, as here, the judge was hearing a motion for contempt against a former husband when he asked the con-temnor’s counsel why he expected the judge to believe that he had no money when the judge had not believed him in the past. Counsel responded, but the court cut him off and, without hearing evidence, held the husband in contempt. We held that the trial judge’s comments gave the appellant a well-founded fear that he would not receive a fan- hearing before the judge. See 833 So.2d at 264.
Here, the trial judge refused to permit the former husband to present any case *415 with respect to the motion for contempt and instead determined that she knew more than the attorneys about what was transpiring, relying on prior hearings with the former husband, much as the court did in Peterson. This was sufficient to show that the trial court had prejudged the case. The judge did not give the former husband the opportunity to explain his conduct, even though that is his right and obligation when facing civil contempt. See Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985) (noting defaulting party has the burden of dispelling presumption that he has ability to comply with order). Before hearing his side of the case, the judge stated that she had a “deep-seated suspicion” regarding the former husband’s conduct and that he had not explained himself. She ordered him to provide a “full accounting” of all of his business transactions within ten days or face jail.
We conclude that the motion to recuse was legally sufficient. We therefore grant the writ and direct that the case be assigned to a successor judge.
GROSS and MAY, JJ., concur.