880 So.2d 763 (2004)
Carolyn R. FRENGEL, Petitioner,
v.
Daniel W. FRENGEL, Respondent.
No. 2D04-1845.
District Court of Appeal of Florida, Second District.
June 9, 2004.
R. Ray Brooks, Tampa, for Petitioner.
Philip S. Wartenberg, Tampa, for Respondent.
PER CURIAM.
Petitioner Carolyn R. Frengel (the mother) seeks a writ of prohibition against Circuit Judge Monica L. Sierra to disqualify her from presiding over any further proceedings in a dissolution action. We conclude that one of the facts alleged in the mother's motion to disqualify was legally sufficient, and the motion should have been granted. Accordingly, we grant the petition and issue the writ of prohibition.
The mother and her husband, Daniel W. Frengel, (the father) have two children together: a daughter who is fifteen and a son who is thirteen. The father filed a motion to permit the children to testify in camera pursuant to Florida Family Law Rule of Procedure 12.407 on the ground that "[i]ssues have been fairly raised by the pleadings of the parties relative to the children's primary residence."[1] The court conducted a hearing on this motion on March 8, 2004, but decided to reserve ruling until after the completion of an evidentiary *764 hearing already scheduled for March 19, 2004, on the parties' respective requests for temporary custody of the children. At that hearing, the judge concluded that she would conduct in camera interviews with the children in order to rule on the parents' requests for temporary custody. Although she gave both parties the opportunity to have a court reporter present to transcribe the interviews, both declined.
The mother filed her motion to disqualify Judge Sierra when she discovered that during the March 19 in camera interviews with the children, the judge had given the children her telephone number and email address and invited the children to communicate with her. The mother alleges this occurred without her knowledge. This apparently came to light when the mother found emails on her home computer that the children had sent to the judge during the first three weeks of April. The emails detailed the children's negative feelings toward their mother.[2] They also referenced the children's attempts to contact the judge by telephone. There is also some indication in one of the emails that Judge Sierra had responded to an email from one of the children. The wife argues that because of these events, she fears that she cannot receive "the cold neutrality of an impartial judge." See State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615 (1939).
In determining whether a motion to disqualify is legally sufficient, we review the motion's allegations under a de novo standard. As the Fourth District explained in Hayes v. State, 686 So.2d 694, 695 (Fla. 4th DCA 1996), "[o]ur task on appeal is to determine the legal sufficiency of the motion based on whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." We conclude that the wife's motion meets this standard and therefore the trial court should have granted her motion.
In this case, the appearance of impartiality was destroyed by the alleged surreptitious nature of the trial judge's communications with the children. If the facts alleged by the wife are taken as true,[3] the surreptitious nature of the communications together with the conspiratorial tone used by the children in those communications would prompt a reasonably prudent person to fear that the judge was no longer neutral because she had entered into a confidential relationship with the children, both of whom expressed very negative feelings toward the mother. Accordingly, we grant the petition and issue the writ of prohibition disqualifying *765 Judge Sierra from further participation in this matter.
Petition granted; writ issued.
WHATLEY, STRINGER, and KELLY, JJ., concur.
NOTES
[1] We note that rule 12.407 addresses an entirely different situation than the one presented in this case. We do not intend to suggest by this opinion that a judge hearing a custody or visitation matter may only conduct an interview with the parties' children if a motion is filed under this rule. We simply are relating the course of the proceedings below.
[2] The content of the emails in question has been disclosed to both parties and was made a part of the record by the mother. If the parties were not already aware of the contents of the emails sent by the children, we do not believe it would be appropriate for us to disclose the contents of those communications to the parties through this opinion because the children clearly intended them to be private.
[3] In reaching our conclusion in this case, we have not overlooked the father's response to the mother's petition. His response is largely devoted to contesting the facts alleged by the mother. Our task, however, is not to determine whose version is correct. Our task is to determine whether the motion presented to Judge Sierra was legally sufficient. In considering a motion to disqualify, a trial judge cannot pass on the truth of the facts alleged and must view those facts from the perspective of the moving party. Thus, the contrary factual allegations by the father are of no import to our analysis of the correctness of the ruling on the motion to disqualify. See City of Hollywood v. Witt, 868 So.2d 1214 (Fla. 4th DCA 2004).