877 So.2d 791 (2004)
George Clark MULLIGAN, Petitioner,
v.
Robin French MULLIGAN, Respondent.
No. 4D04-1328.
District Court of Appeal of Florida, Fourth District.
June 30, 2004.
Daniel Bachert of Ford & Bachert, P.A., West Palm Beach, for petitioner.
Robin French Mulligan, Hobe Sound, pro se.
PER CURIAM.
George Mulligan, the husband, petitions for a writ of prohibition seeking review of an order denying his motion to disqualify Judge Larry Schack from the dissolution of marriage proceedings. The husband raises several grounds for disqualification, but we find only one ground has merit.
In an unrelated family law case, Landi v. Landi, Case No. 02-515-FS, Judge Schack sent a letter to the wife's attorney and explained that, as a result of his friendship with the husband's attorney, Noel Bobko, Judge Schack did not feel comfortable addressing a motion seeking attorney's fees against Mr. Bobko. The letter stated:
Mr. Bobko and I are friends. That fact has not, and will not ever impact a ruling concerning clients in a case in which Mr. Bobko is counsel. Mr. Bobko does not have any expectations to the contrary. The friendship between an attorney and a judge, without more, is factually and legally insufficient to call for *792 recusal or disqualification. I do not feel any need to disqualify.
As permitted by the statute, the wife's 57.105 motion seeks fees and costs against both Mr. Landi and Mr. Bobko. I have no difficulty addressing the motion as it relates to Mr. Landi. I will not be comfortable addressing the motion as it relates to Mr. Bobko. Thus, please let me know if your client is intending to pursue the fees against Mr. Bobko. If so, I will need to ask court administration to assign another judge to hear the 57.105 motion.
As a result of the letter, the wife moved to recuse Judge Schack, stating that she feared he could not be impartial in ruling on the remaining issues in the case. Judge Schack granted the motion and ordered that the Landi case be reassigned.
Mr. Bobko represents the wife in this case. The husband moved to disqualify Judge Schack based on the recusal in Landi because the judge specifically acknowledged that his friendship with Mr. Bobko would affect the court's ability to hear certain matters relating to Mr. Bobko and his clients. The husband also argues that the court's failure in this case to disclose the close relationship creates suspicion that he is concealing his friendship with opposing counsel and reinforces the husband's fear that the judge is not impartial.
Disqualification of a trial judge is governed by Florida Rule of Judicial Administration 2.160. Rule 2.160(d)(1) provides "[a] motion to disqualify shall show ... that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge...." "If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action." Fla. R. Jud. Admin. 2.160(f). The motion is legally sufficient if the alleged facts would give a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990).
Landi involved the imposition of attorney's fees against opposing counsel which is not at issue in this case. Nevertheless, the judge's letter and the recusal in Landi and the failure to disclose his friendship with Mr. Bobko to the husband in this case create a reasonable fear that the judge will not be objective.
In Landi, Judge Schack was sufficiently concerned about his ability to be impartial that he sent counsel a letter indicating that he could not decide the attorney's fees issue. The wife's attorney in Landi and the husband in this case both question how the court could be impartial on some issues involving Mr. Bobko and not on others. Because the judge recused himself in Landi, the husband argues he should have recused himself in this case as well. "Any time a judge feels it is necessary to recuse himself from an attorney's case on account of an overriding friendship with the attorney then he should do so in all, not just some of that attorney's cases." Leigh v. Smith, 503 So.2d 989, 991 (Fla. 5th DCA 1987).
The motion to disqualify was legally sufficient. Accordingly, we grant the husband's petition for writ of prohibition.
TAYLOR, HAZOURI and MAY, JJ., concur.