897 So.2d 498 (2005)
Kimberly L. WILLIAMS f/k/a Kimberly L. Williams Balch, Petitioner,
v.
Brandon BALCH, Respondent.
No. 4D04-3773.
District Court of Appeal of Florida, Fourth District.
February 23, 2005.
H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for petitioner.
Emilie M. Tracy of Emilie M. Tracy, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
This court is reviewing the denial of Kimberly Williams' motion to disqualify. Disqualification is required when litigants demonstrate a reasonable, well-grounded fear that they will not receive a fair and impartial trial or that the judge has pre-judged the case. We find that Williams has met that burden, and grant the requested relief. Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996).
The parties were divorced in 1996. Their daughter was six years old at the time. Issues concerning visitation and shared parental responsibility of their daughter have resulted in appearances in both Florida and Alabama courts. Most recently, the Florida court found Williams, former wife, in contempt for frustrating the father's visitation. The instant motion for disqualification arose following proceedings associated with former husband's motion to modify custody of the now fourteen year old child.
Former wife moved to dismiss the proceedings as moot, alleging that the child *499 had married, and was pregnant. Former husband countered with another motion for contempt, characterizing the marriage as a sham.
It is during the hearings on these motions that the court made comments signaling a predisposition against Williams' position before considering her evidence, Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996). See also Peterson v. Asklipious, 833 So.2d 262 (Fla. 4th DCA 2002); Swida v. Raventos, 872 So.2d 413 (Fla. 4th DCA 2004). We find further that the judge actively participated in the proceedings exceeding the role of neutral arbiter seeking information. Barrett v. Barrett, 851 So.2d 799 (Fla. 4th DCA 2003). Of particular concern is that many of the court's comments signaling its predisposition were the result of Williams' answers to the court's questions. Barrett.
We therefore grant the petition and quash the order denying disqualification.
POLEN and GROSS, JJ., concur.
GUNTHER, J., dissents without opinion.