910 So.2d 432 (2005)
Santoya WALLS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D05-798.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
Michael A. Gottlieb of Michael A. Gottlieb, P.A., Fort Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for respondent.

Corrected Opinion
WARNER, J.
Petitioner sought disqualification of the trial judge because in another unrelated pending case, the judge had recused herself based upon a motion for disqualification detailing the judge's acrimonious professional relationship with the attorney in that case, who is also petitioner's attorney. The trial judge denied the motion. However, the grounds for disqualification were legally sufficient. We therefore grant the petition.
Petitioner filed a motion to disqualify Judge Cheryl Aleman within ten days of Judge Aleman granting a motion to disqualify herself in another case because of the adversarial relationship between her and the attorney for the defendant in that case, who also represents petitioner in this case. The motion alleged the grounds for the prior disqualification and the fact that the judge had granted the prior motion. In this case, the trial judge denied the motion, prompting this petition for writ of prohibition.
This case is similar to Mulligan v. Mulligan, 877 So.2d 791 (Fla. 4th DCA 2004), in which we granted a petition for writ of prohibition to disqualify the judge where he had recused himself from one case involving an attorney with whom he was friendly but denied a motion to disqualify himself in another case involving the same attorney. We held the motion was legally *433 sufficient to warrant disqualification. Id. at 792. We said, "`Any time a judge feels it is necessary to recuse himself from an attorney's case on account of an overriding friendship with the attorney then he should do so in all, not just some of that attorney's cases.'" Id. (quoting Leigh v. Smith, 503 So.2d 989, 991 (Fla. 5th DCA 1987)). We think the same holds as true for adversarial relationships as it does for friendships.
Here, the judge recused herself in the first case because of allegations of animosity towards the attorney. Having granted the first motion, indicating that it was legally sufficient to show bias, it must surely show bias days later when the attorney files the motion indicating that the judge had just disqualified herself in the prior case.
The state responds to the writ by contending that this case is more like Oates v. State, 619 So.2d 23 (Fla. 4th DCA 1993). In Oates, following a series of outbursts by the defendant during trial, the trial judge stated to the press that the defendant was "being an obstinate jerk." Id. at 25. The defendant then moved to disqualify the judge, and the trial court denied the motion. On appeal, we affirmed and held that the defendant did not have a well-founded fear that he would not receive a fair trial. Id. at 26.
However, in this case the original motion to disqualify this judge showed that, prior to assuming the bench, the judge was an assistant statewide prosecutor. In that capacity, she initiated a motion to have the court hold petitioner's attorney in indirect criminal contempt and accused him of acting in an unethical manner in connection with representation of a witness subpoenaed in a case being prosecuted by the statewide prosecutor. This is a far more serious level of animosity than that in Oates, in which the judge simply regarded the defendant's behavior as boorish. Judge Aleman considered the allegations legally sufficient to grant the motion in the first case and recuse herself; having done so, she should have disqualified herself in this case as well.
Petition granted.
SHAHOOD and HAZOURI, JJ., concur.