926 So.2d 441 (2006)
SHANDS TEACHING HOSPITAL AND CLINICS, INC., Petitioner,
v.
Tatianna SAMUEL, a minor, by and through her parents and natural guardians, Janicka MATHIS and Kina Mathis, Janicka Mathis and Kina Mathis, individually, Rene Rivera-Santiago, and Cardiovascular Perfusionists, Inc., Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Wesley Webster, Florida Board of Education, Body Dynamics, Inc., d/b/a, BDI Pharmaceuticals, PDK Labs, Inc., Lil' Champ Food Stores, Inc., The Pantry Inc., f/k/a, Lil' Champ Food Stores, Inc., and Ultra Tab Laboratories, Inc., Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Mary Ellen Mayer, as Personal Representative of the Estate of Joseph Mayer on behalf of Mary Ellen Mayer and the Estate of Joseph Mayer, Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Brenda Thompson, individually and as Parent and Natural Guardian of Kathleen Morgan Thompson, a minor, and David Saunders, M.D., Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Victoria Golden and Edward S. Golden, individually, and as Natural Parents and Guardians of Jennifer Golden, a minor, State of Florida, Board of Education, and Board of Governors, Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Marguerite Stone, as Personal Representative of the Estate of Ronald Pat Stone, deceased, and on Behalf of Valerie A. Stone, Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Lisa C. Fine, as Personal Representative of the Estate of Cory Fine, Respondent.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Donna L. Stewart, Respondent.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Bette S. Seewald and Eugene J. Seewald, her husband, Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Kathleen Cooper, Respondent.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Michael Shane Ring, Sherry Ring, individually and as Parents and Natural Guardians of Michael Shane Ring, Jr., Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
David L. Autin and Joan Autin, as Personal Representatives of the Estate of Eraste Thomas Autin, Respondents.
Shands Teaching Hospital and Clinics, Inc., Petitioner,
v.
Agustin Arroyo and Julianne Arroyo, Respondents.
Nos. 1D05-5186, 1D05-5774 to 1D05-5782, 1D05-5785 to 1D05-5787.
District Court of Appeal of Florida, First District.
April 13, 2006.
*443 Susan L. Kelsey of Anchors Smith Grimsley, P.L., Tallahassee, for petitioner.
Christopher P. Jayson, Arthur Skafidis and Camille Godwin of Cohen, Jayson & Foster, P.A., Tampa, for respondents Tatianna Samuel, Janicka Mathis and Kina Mathis.
William H. Ogle of Mayfield & Ogle, P.A., Ormond Beach; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for respondent Wesley Webster.
Patrick Deckle of Patrick Deckle, P.A., Tampa; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for respondents Mary Ellen Mayer and the Estate of Joseph Mayer; and Agustin Arroyo and Julianne Arroyo.
Alan E. McMichael of Stripling, McMichael & Stripling, P.A., Gainesville; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for respondents Victoria Golden, Edward S. Golden and J.G., a minor.
Mark A. Avera of Avera & Avera, LLP, Gainesville; Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach; and Sharon H. Proctor, Avon Lake, Ohio for respondents Marguerite Stone.
Frank A. Ashton of Peek, Cobb, Edwards & Ashton, P.A., Jacksonville; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for respondent Lisa C. Fine.
Linda Bellornio Commons, Spring Hill; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for respondent Donna L. Stewart.
Gilbert J. Alba of DeCarlis & Sawyer, P.A., Gainesville; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for respondents Bette S. Seewald and Eugene J. Seewald.
D. Mark Warner of Fisher, Butts, Sechrest & Warner, P.A., Gainesville; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for respondents Michael Shane Ring and Sherry Ring.
Virginia M. Buchanan and Matthew D. Schultz, Pensacola; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for respondents David L. Autin and Joan Autin.
PER CURIAM.
Following the denial of its motions to disqualify the trial judge, Shands Teaching Hospital and Clinics, Inc., ("Shands"), petitions this court for prohibition relief. We previously consolidated these cases for purposes of assigning them to the same panel of judges, and now consolidate them for disposition in this opinion.
During the trial of a medical negligence action styled as Dunn v. Shands Teaching Hospital and Clinics, Inc., et al., the trial judge made comments questioning the propriety *444 of litigation tactics employed by Shands and the University of Florida Board of Trustees. The judge added that his concern with the appearance of impropriety on the part of Shands and the Board was not limited to the Dunn case, and extended to all the other cases involving those parties to which he was assigned. Shands timely moved to disqualify the judge in Dunn, asserting that these comments exhibited his bias or prejudice against it. The trial judge granted the motion for disqualification, expressly finding that it was legally sufficient. Shands then filed its motions to disqualify the same judge in these cases also involving University of Florida Board of Trustees, relying in large part on the comments made during the Dunn trial as the basis for its stated belief that it could not receive a fair hearing before the judge in any case also involving the Board. However, the trial judge found these allegations to be legally insufficient and denied the motions.
Having determined that the motion in Dunn was legally sufficient, the trial judge erred in denying the motions to disqualify in these cases. In Walls v. State, 910 So.2d 432 (Fla. 4th DCA 2005), the petitioner sought disqualification of the trial judge because in another unrelated case, the judge had granted a motion for disqualification based upon the judge's acrimonious professional relationship with the attorney who also represented petitioner. However, the trial judge denied that motion as legally insufficient. In granting prohibition relief, the court in Walls observed that having granted the motion for disqualification in the first case, thus indicating a finding that it was legally sufficient to show bias, the trial judge should have likewise granted the motion filed on petitioner's behalf. In other words, where the alleged facts are sufficient to establish a basis for disqualification, as the judge here determined was the case with respect to the motion filed in Dunn, disqualification is also warranted in other cases in which the same basis exists and disqualification is timely sought.
In finding the motions at issue here to be legally insufficient, the trial judge relied on City of Hollywood v. Witt, 868 So.2d 1214 (Fla. 4th DCA 2004). In City of Hollywood, the movant sought to disqualify the same judge in four cases, alleging that comments made by the judge in connection with one case demonstrated his bias and prejudice. The court determined that the comments were sufficient to show bias in the case in which they were made, but not in the three others because no showing had been made that the basis of the judge's alleged bias existed in those cases. In contrast, the trial judge here acknowledged that his concern extended to all cases involving Shands and the Board, and we thus find City of Hollywood to be inapposite.
Accordingly, the petitions for writ of prohibition are GRANTED. On remand, a new judge shall be assigned to hear further proceedings in each of these cases.
ERVIN, DAVIS and BENTON, JJ., concur.