PER CURIAM.
Following the denial of its motions to disqualify the trial judge, Shands Teaching Hospital and Climes, Inc., (“Shands”), petitions this court for prohibition relief. We previously consolidated these cases for purposes of assigning them to the same panel of judges, and now consolidate them for disposition in this opinion.
During the trial of a medical negligence action styled as Dunn v. Shands Teaching Hospital and Clinics, Inc., et al., the trial judge made comments questioning the pro *444 priety of litigation tactics employed by Shands and the University of Florida Board of Trustees. The judge added that his concern with the appearance of impropriety on the part of Shands and the Board was not limited to the Dunn case, and extended to all the other cases involving those parties to which he was assigned. Shands timely moved to disqualify the judge in Dunn, asserting that these comments exhibited his bias or prejudice against it. The trial judge granted the motion for disqualification, expressly finding that it was legally sufficient. Shands then filed its motions to disqualify the same judge in these cases also involving University of Florida Board of Trustees, relying in large part on the comments made during the Dunn trial as the basis for its stated belief that it could not receive a fair hearing before the judge in any case also involving the Board. However, the trial judge found these allegations to be legally insufficient and denied the motions.
Having determined that the motion in Dunn was legally sufficient, the trial judge erred in denying the motions to disqualify in these cases. In Walls v. State, 910 So.2d 432 (Fla. 4th DCA 2005), the petitioner sought disqualification of the trial judge because in another unrelated case, the judge had granted a motion for disqualification based upon the judge’s acrimonious professional relationship with the attorney who also represented petitioner. However, the trial judge denied that motion as legally insufficient. In granting prohibition relief, the court in Walls observed that having granted the motion for disqualification in the first case, thus indicating a finding that it was legally sufficient to show bias, the trial judge should have likewise granted the motion filed on petitioner’s behalf. In other words, where the alleged facts are sufficient to establish a basis for disqualification, as the judge here determined was the case with respect to the motion filed in Dunn, disqualification is also warranted in other cases in which the same basis exists and disqualification is timely sought.
In finding the motions at issue here to be legally insufficient, the trial judge relied on City of Hollywood v. Witt, 868 So.2d 1214 (Fla. 4th DCA 2004). In City of Hollywood, the movant sought to disqualify the same judge in four cases, alleging that comments made by the judge in connection with one case demonstrated his bias and prejudice. The court determined that the comments were sufficient to show bias in the case in which they were made, but not in the three others because no showing had been made that the basis of the judge’s alleged bias existed in those cases. In contrast, the trial judge here acknowledged that his concern extended to all cases involving Shands and the Board, and we thus find City of Hollywood to be inapposite.
Accordingly, the petitions for writ of prohibition are GRANTED. On remand, a new judge shall be assigned to hear further proceedings in each of these cases.
ERVIN, DAVIS and BENTON, JJ., concur.