PER CURIAM.
We grant this petition for writ of prohibition and quash the trial court’s order denying petitioner Dominguez’s motion to disqualify.
The circuit court denied the motion to disqualify as uncertified, untimely and insufficient. The motion was untimely as the petitioner admits it was filed twelve days after discovering the facts that constitute the grounds for the motion. Fla. R. Jud. Admin. 2.160(e). Furthermore, the motion did not contain the requisite certification by the attorney that the motion and statements contained therein were made in good faith. Fla. R. Jud. Admin. 2.160(c).
The motion’s untimeliness and lack of certification would have justified the denial of the motion to disqualify, and had the matter ended there, no doubt we would have denied the petition. However, the trial court then commented on the truthfulness of the facts asserted in the motion to disqualify, thereby creating a new basis for disqualification. City of Hollywood v. Witt, 868 So.2d 1214 (Fla. 4th DCA 2004) (stating that when ruling on a motion for disqualification a judge may not pass on the truth of the allegations set forth in the sworn motion, “but must take them to be true, deciding only the legal sufficiency of the motion”). While one of the grounds of the motion argued that an e-mail regarding petitioner’s attorney sent by the judge to all the other judges and hearing officers in the circuit warranted disqualification, and although we find that the e-mail was troubling, we do not find that it constitutes a per se basis for disqualification.
Yet disqualification is warranted in this case because the circuit court order takes issue with the facts alleged in the motion to disqualify. The order of the trial court denying the motion to disqualify contains the following:
Lastly, the law provides that adverse legal rulings do not provide a basis for disqualification. The fact that the court found that there was a substantial likelihood that the defendant’s attorney committed a violation of the Rules Regulating The Florida Bar and took appropriate action as required by Canon 3.D.(2) of the Code of Judicial Conduct is also not a legally sufficient basis for disqualification.
We hold this to be a comment on the validity of petitioner’s grounds for disqualification, and therefore violative of Hollywood v. Witt.
As we trust the trial court will act in conformity with this opinion, we withhold issuance of the writ.
STEVENSON, C.J., and POLEN, J., concur.
MAY, J., dissents with opinion.