PER CURIAM.
Petitioner B.M. seeks disqualification of the trial judge assigned to preside over his criminal case as a result of remarks the judge made in disagreement with a Teen Court verdict in a previous, unrelated criminal case. In the previous case, the trial judge told petitioner that she did not like his attitude, that he should get a haircut, and that he was lucky his case was being non-judicially processed because had he gone before the trial court instead of the Teen Court, he would have spent time in detention and would be supervised until he was nineteen. Petitioner also alleges the trial judge stated if he ever appeared before her court again, he would “be going away” and would be sent to detention. After being charged in a new criminal case and learning that the case was assigned to the same judge, petitioner filed a timely motion for disqualification. The trial judge denied the motion as legally insufficient. We disagree and grant the petition for prohibition.
“A judge’s remarks that he is not impressed with a lawyer’s, or his client’s behavior are not, without more, grounds for recusal.” Nassetta v. Kaplan, 557 So.2d 919, 921 (Fla. 4th DCA 1990). See also Strasser v. Yalamanchi, 783 So.2d 1087, 1091-92 (Fla. 4th DCA 2001) (holding the trial judge’s comment that, if he were presiding over pre-trial, he would have assessed defendant “a significant six-figure fine” did not warrant reversal as the judge was expressing “understandable frustration and concern” at the “sudden and unexplained revelation” of a discovery violation); Oates v. State, 619 So.2d 23, 25 (Fla. 4th DCA 1993) (finding the trial judge’s comment that the defendant “was just being an obstinate jerk” was not a *897 ground for recusal because the defendant’s behavior prompted the remark).
Here, petitioner’s allegation that the trial judge told him if he ever returned to the court with new criminal charges, he would be sent to detention was legally sufficient to support a motion for disqualification. Such a statement signals that the trial court has pre-judged petitioner’s case. See Williams v. Balch, 897 So.2d 498, 499 (Fla. 4th DCA 2005) (finding judge’s comments signaled “a predisposition against Williams’ position before considering her evidence” and, thus, disqualification was required); Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996).
Accordingly, we grant the petition for writ of prohibition and quash the trial court’s order denying petitioner’s motion to disqualify. We remand for further proceedings consistent with this decision.
STEVENSON, C.J., WARNER and TAYLOR, JJ., concur.