DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAURA ROSALES,**
Petitioner,

v.

**RIC L. BRADSHAW,** as Sheriff of Palm Beach County,
Respondent.

No. 4D19-1082

[August 28, 2019]

Petition for writ of prohibition to the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 50-2015-CA-013281-XXXXMB-AJ.

Isidro M. Garcia of Garcia Law Firm, P.A., West Palm Beach, for petitioner.

Robert L. Norton and Suhaill M. Morales of Allen Norton & Blue, P.A., Coral Gables, for respondent.

GROSS, J.

Petitioner's attorney represents multiple clients with pending lawsuits against respondent. In one of those cases, the trial judge recused himself based on his "family relationship" with the respondent. Relying on this recusal, petitioner's attorney moved to recuse the trial court in this case. The court denied the motion.

Where a judge has recused himself because of a personal relationship with a party or attorney, that relationship is sufficient to require recusal a short time later when brought to the judge's attention by motion. *See Walls v. State*, 910 So. 2d 432, 433 (Fla. 4th DCA 2005). "'Any time a judge feels it is necessary to recuse himself from an attorney's case on account of an overriding friendship with the attorney then he should do so in all, not just some of that attorney's cases.'" *Mulligan v. Mulligan*, 877 So. 2d 791, 792 (Fla. 4th DCA 2004) (quoting *Leigh v. Smith*, 503 So. 2d 989, 991 (Fla. 5th DCA 1987)). The same principle applies where a judge recuses himself because of his relationship to a defendant. *See Catasus v. Tabone*, 19 So. 3d 427 (Fla. 3d DCA 2009) (holding that where the judge

recused himself in a related proceeding because of a voluntarily revealed personal relationship with the parties, the judge should have granted a motion for disqualification in the separate case involving the same parties).

We reject respondent's argument that recusal was not required because of minor technical deficiencies in the oath and certification accompanying the motion. *See Livingston v. State*, 858 So. 2d 353, 354-55 (Fla. 1st DCA 2003).

We grant the petition for writ of prohibition and remand to the circuit court for assignment of the case to another judge.

WARNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***