577 So.2d 645 (1991)
Alan BROWN, Petitioner,
v.
Dorothy H. PATE, As Circuit Judge of the Judicial Circuit, Respondent.
No. 91-371.
District Court of Appeal of Florida, First District.
March 27, 1991.
*646 Barry L. Zisser, Nancy N. Nowlis, and Donald E. Brown of Zisser, Robison, Spohrer and Wilner, P.A., Jacksonville, for petitioner.
PER CURIAM.
Alan Brown petitions this court for a writ of prohibition, contending that Circuit Judge Dorothy Pate erroneously denied his motion to disqualify her from presiding over a dependency proceeding involving his children. For the reasons that follow, we deny the petition.
In April, 1990, Margaret Brown was discovered dead inside her car at a Jacksonville shopping center. Subsequently her husband Alan was charged with the murder of his wife. There are two minor children born of the marriage, now ages five and three. On May 2, 1990, Judge Alban Brooke placed the children with their paternal grandmother. The maternal grandparents then petitioned the circuit court to adjudicate the children dependent. Judge Brooke recused himself because he was personally acquainted with the parties to the litigation and Judge Pate was assigned to the cause. In August Judge Pate entered an order which adjudicated the children dependent. That order includes the following paragraph:
Petitioners [maternal grandparents] did not rely on the arrest and incarceration of the father to support dependency of the children. Recognizing that the father is awaiting trial on the criminal charges and presumed innocent in that case, the unrebutted evidence presented in this case is that the father killed the mother on April 26, 1990. The cause of death was homicide.
On September 21 Judge Pate ordered that the natural father would have contact only as recommended by a treating psychologist. An order was entered on October 3 which placed the children in the custody of the maternal grandparents and granted visitation to the paternal grandmother. It was reaffirmed that the children have contact with their father only as determined by their therapist. On October 18, 1990, Alan Brown was found not guilty by a jury on charges of the murder of his wife. Subsequently the maternal grandparents filed a motion seeking to prohibit visitation by the father until the court had received expert testimony on the matter. An evidentiary hearing was held and the therapist recommended that the father have supervised visitation with his children. On November 5 the trial court entered an order which reserved disposition of the motion to prohibit visitation. The father was ordered to undergo psychological evaluation.
Judge Pate entered an order on November 2 granting the motions of two Jacksonville television stations and the Florida Publishing Company to cover all hearings in the dependency case. She acknowledged the statutory basis for closure but found that a blanket rule of closure would be constitutionally suspect and therefore weighed the competing interests. It was ordered that the files be kept closed but the media was allowed to attend the hearings. It was prohibited, however, from publishing any pictures of the children, their names, the testimony of professional therapists or any sensitive personal family information which had not previously been disclosed to the media. Media personnel were directed to consult with legal counsel regarding any questions as to the terms of the order.
On November 13 Brown moved for the disqualification of Judge Pate. This was accompanied by an affidavit of movant, the pertinent portions of which provide as follows:
I believe I will not receive a fair trial in the litigation in the above-styled cause due to the prejudice of the judge of that court against me.
Judge Pate has opened this juvenile proceeding to members of the news media contrary to section 39.408(2)(c), Fla. Stat. *647 (1989). Having matters relating to visitation and custody of my daughters displayed on television and in the newspapers, is contrary to the best interest of the two minor children.
Recently, I was advised by a newspaper reporter of the contents of an order signed by Judge Pate. This information was received prior to my counsel receiving a copy of the order from the judge. This information was later printed in a local newspaper.
I am further concerned about the impartiality of the judge in that she has made comments to the effect that she has "grave concern" about my being allowed access to my children despite the fact that the therapist for the children has testified it is in the best interest of my daughters that they have visitation with me. The court has received no information from any child psychologist or other professionals indicating that it would not be in the best interest of my daughters that they have visitation with me.
I am further concerned that the judge may not be impartial to me due to comments she made to the effect that she has made a judicial determination implicating me in a homicide. These statements by the judge were later disseminated by the news media.
A hearing was held on the motion on January 2. Judge Pate heard argument of counsel but made no remarks other than to state the motion was denied as legally insufficient and an order to that effect was entered a few days later. This petition followed.
Brown now argues that the motion for disqualification should have been granted. The motion, according to petitioner, complied with the substantive requirements of section 38.10, Florida Statutes, and the procedural dictates of Rule 1.432 of the Florida Rules of Civil Procedure. Petitioner argues he reasonably fears that Judge Pate is improperly allowing the dependency proceeding to "be tried in the news media, in violation of section 39.408(2)(c), Florida Statutes," although he acknowledges that the trial court's decision to open the hearing to the media is not a sufficient basis for disqualification. He also points to questions asked him by a reporter about an order that had not yet been received by his attorney. Second, Brown believes that Judge Pate should have been disqualified because of her remark that she had "grave concern" about petitioner being allowed access to his children. Third, petitioner relies on the news media's reporting of Judge Pate's implication of Brown in the homicide.
We will address petitioner's grounds for disqualification in sequence. He acknowledges that the court's decision to open the hearing to the media is not a basis for disqualification. As to the order obtained by a reporter allegedly before it was received by counsel, there is no indication that Judge Pate had any responsibility for or even knowledge of the matter at the time.
Similarly, Judge Pate's expression of "grave concern" over possible visitation cannot serve as a basis for disqualification. A judge may form mental impressions and opinions during the course of presentation of evidence so long as she does not prejudge the case, Mobil v. Trask, 463 So.2d 389 (Fla. 1st DCA), review denied, 476 So.2d 674 (Fla. 1985). We believe the judge's remark was permissible under this rationale.
Finally, Judge Pate's finding that Brown was implicated in his wife's death was a judicial determination which may not, of course, serve as a basis for disqualification. Gieseke v. Grossman, 418 So.2d 1055, 1057 (Fla. 4th DCA 1982). Petitioner does not allege that Judge Pate was responsible for the media obtaining this information.
On consideration of the foregoing, we conclude that Judge Pate was correct in denying the motion for disqualification as legally insufficient. The petition for writ of prohibition is accordingly denied.
IT IS SO ORDERED.
SHIVERS, C.J., and SMITH and BARFIELD, JJ., concur.