660 So.2d 328 (1995)
STATE of Florida ex. rel. Michael L. MORGAN, Petitioner,
v.
W. Douglas BAIRD, Circuit Court Judge, Respondent.
No. 95-01238.
District Court of Appeal of Florida, Second District.
August 30, 1995.
*329 Michael W. Schwartzberg, St. Petersburg, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly D. Nolen, Assistant Attorney General, Tampa, for respondent.
BLUE, Acting Chief Judge.
By petition for writ of prohibition, we are asked to determine the propriety of an order denying a motion to disqualify the respondent judge. We conclude that the motion and its supporting documents were legally sufficient and, consequently, the trial judge erred in failing to disqualify himself.
The following facts appear in the petition and supporting documents filed below. Michael L. Morgan was before the respondent judge for sentencing in two criminal cases and for a trial in a third case. The state was seeking a habitual offender sentence in the two cases. The trial judge agreed to postpone sentencing until after the resolution of the third case, indicating that habitualization might not be warranted if Morgan was acquitted. During the jury's deliberations, lasting over seven hours, the trial judge questioned why the jurors would have difficulty reaching a guilty verdict. After the case resulted in a mistrial, the trial judge held a status conference and scheduled the two sentencing cases. When reminded of his decision to delay sentencing until the third case was resolved, the trial judge indicated that he had heard all the evidence and was prepared to proceed.
The state argues that the motion was untimely. Under Florida Rule of Judicial Administration 2.160(c), "[a] motion to disqualify shall be made within ... 10 days after discovery of the facts constituting the grounds for the motion." The state contends that the time began running when the judge commented about Morgan's guilt during the jury deliberations. Morgan argues that the grounds for disqualification did not become apparent until the status conference when the judge announced that he would proceed with sentencing. We agree with Morgan and find the motion timely.
The state also argues that the motion was legally insufficient because the judge's comments in one case have no bearing on his conduct in the other two cases. In Dragovich v. State, 492 So.2d 350, 352 (Fla. 1986), the supreme court stated:
The function of a trial judge when faced with a motion to disqualify himself is solely to determine if the affidavits present legally sufficient reasons for disqualification. Fla.R.Crim.P. 3.230(d). The test for legal sufficiency is whether the party making the motion `has a well-grounded fear that he will not receive a fair trial at the hands of the judge.' State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697 (1938).
*330 In this case, the judge agreed to delay sentencing until the disposition of the third case. According to the motion's allegations, the judge's decision on whether to impose a habitual offender sentence was contingent, in part, on the outcome of the third case. The decision to proceed, without waiting for a retrial and in light of his comments during the jury deliberations, created in Morgan a well-founded fear that he would be habitualized based on the evidence in the third case but not on a verdict.
`It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling.' State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697-98 (1938). See also Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially.
Livingston v. State, 441 So.2d 1083, 1086 (Fla. 1983). Accordingly, we conclude that the motion was legally sufficient and the trial judge erred by denying it.
Petition granted.
FULMER and WHATLEY, JJ., concur.