669 So.2d 1123 (1996)
Alex D. WARGO, Petitioner,
v.
Bettina Li Belles WARGO and Julie Koenig, as Circuit Judge of the Seventeenth Judicial Circuit, Respondents.
No. 95-3109.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
Norman Marcus of Norman Marcus, P.A., Plantation, for petitioner.
Andrew L. Salvage of Andrew L. Salvage, P.A., Fort Lauderdale, for respondent Bettina Li Belles Wargo.
PER CURIAM.
Petitioner seeks disqualification of the trial judge as a result of her actions at a hearing in post-judgment dissolution proceedings. Because we conclude that the sworn motion and its supporting documentation were legally sufficient, we grant the petition for prohibition.
Petitioner, Alex Wargo, and respondent Bettina Li Belles Wargo were divorced by final judgment of dissolution in Broward Circuit Court on August 19, 1993. The final judgment required petitioner to hold Bettina harmless from IRS deficiencies. Subsequently, the IRS apparently garnished sums from Bettina's bank accounts which led her to file a motion for contempt and a motion to enforce the final judgment, alleging that the garnishment was due to petitioner's failure to pay the debt due the IRS.
The hearing began with the attorneys announcing their presence. The judge then inquired as to whether petitioner was present:
THE COURT: Is Mr. Wargo going to be here?
MR. CRESPI: No, your Honor.

*1124 THE COURT: Already anticipating a bad result, is he?
MR. CRESPI: Not necessarily, not what we're here for.
The judge then asked counsel to state their respective positions and questioned them about the specifics of the final judgment since she had not presided over the initial dissolution action. When she was told that the IRS had taken $43,000 from monies awarded to the wife, the judge stated, "[w]ell, this is atrocious."
Later, during the hearing, the issue of whether the motion for contempt should also be heard was then addressed:
MR. SALVAGE (wife's counsel): Well, if we can at this pointif this Court wants to reserve on the contempt issue and let's just get a judgment on these amounts.
THE COURT: I will reserve on the contempt issue.
MR. CRESPI (husband's counsel): Respectfully, we're reserving without any evidence? How can you reserve on something you haven't heard anything on, Judge, respectfully?
THE COURT: Because we're not going to hear it today.
MR. CRESPI: We'll hear the whole issue at another time?
MR. SALVAGE: Whether he's in contempt or not?
THE COURT: That's right.
After hearing evidence from the wife and argument from the wife's counsel, the trial judge began to make her ruling in favor of the wife's interpretation of the final judgment before hearing argument from petitioner's counsel. It was at this point that petitioner's counsel made an ore tenus motion to recuse which was summarily denied.
The judge then heard argument from petitioner's counsel concerning his interpretation of the final judgment, after which the judge orally pronounced that she was construing payment of the IRS debt as support to the former wife and proceeded to hold petitioner in contempt:
THE COURT: I'm going to order Dr. Wargo to pay that $50,891.84 within seven days or be confined to the Broward County Jail for five months, twenty-nine days and twenty-three hours.
MR. CRESPI (husband's counsel): Respectfully, your Honor, we reserved ruling on the contempt proceedings.
THE COURT: I changed my mind.
Petitioner's counsel pointed out that his understanding with both the court and opposing counsel was that the hearing would be strictly limited to economic issues and not contempt.
After the hearing, petitioner again filed a verified written motion for disqualification which was summarily denied. The standard by which the judge must base a decision to disqualify is well-established:
[A] party seeking to disqualify a judge need only show "a well grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling." State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697-98 (1938). See also Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially.
Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983) (emphasis supplied).
In this case, it is not the words alone that the trial judge uttered at the commencement of the hearing which gives rise to a justified fear. Generally, mere characterizations and gratuitous comments, while offensive to the litigants, do not in themselves satisfy the threshold requirement of a well-founded fear of bias or prejudice. See Oates v. State, 619 So.2d 23, 26 (Fla. 4th DCA), review denied, 629 So.2d 134 (Fla. 1993); Nassetta v. Kaplan, 557 So.2d 919, 921 (Fla. 4th DCA 1990). "A judge may form mental impressions and opinions during the course of presentation of evidence, as long as she does not prejudge the case." *1125 Brown v. Pate, 577 So.2d 645, 647 (Fla. 1st DCA 1991).
Here, however, unlike Oates and Nassetta, the judge made the gratuitous remarks which were disparaging of husband's position prior to hearing any evidence in the case. Thus, the remarks may have signaled a predisposition, rather than an impression formed after reviewing the evidence. The judge began to rule on the issues presented without even giving counsel a chance to present argument. She then reversed her earlier ruling that the motion for contempt would not be heard, which had been agreed to by the wife's counsel, and held petitioner in contempt. While the judge had noted that petitioner was not present, his counsel had informed the court that wife's counsel would only be pursuing a judgment and not contempt at the hearing. This is consistent with the agreement of wife's counsel that the court could reserve on the contempt issue.
These actions by the trial judge, coupled with her earlier comments, not only denied petitioner due process on the issue of contempt, but created a well-grounded fear on the part of petitioner that he would not receive a fair hearing before the judge. Livingston; see State ex rel. Morgan v. Baird, 660 So.2d 328 (Fla. 2d DCA 1995). Accordingly the writ of prohibition is granted. Any orders entered after the filing of the motion for disqualification shall be vacated.
WARNER and PARIENTE, JJ., concur.
SHAHOOD, J., dissents with opinion.
SHAHOOD, Judge, dissenting.
I strictly interpret the Petition for Writ of Prohibition as seeking the recusal of the trial court. I do not consider the contempt issue to be grounds for granting the Writ of Prohibition, as it is ancillary to relief sought. Having stated the above, I do not think that the statements attributed to the trial court rise to the level to require a trial judge's recusal. See Oates v. State, 619 So.2d 23 (Fla. 4th DCA), review denied, 629 So.2d 134 (Fla.1993); Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990).