KLEIN, Judge.
Petitioner, a former husband involved in post-judgment dissolution proceedings, seeks disqualification of the trial judge as a result of the judge’s relationship with the former wife and her employer. We grant the petition.
The following facts are taken from the petitioner’s sworn motion for disqualification:
1. Respondent/Ex-wife has been employed by attorney Mary Ann Scherer, as her only legal secretary, for approximately ten years.
2. Several years ago, attorney Mary Ann Scherer formed an adoption agency called “Adoption Placement.”
3. Judge Julie Koenig has been an active participant in “Adoption Placement” and has served on the Board of Directors of Mary Ann Scherer’s adoption agency.
4. Respondent/Ex-wife, in her employment for Mary Ann Scherer, is actively *391 involved in the adoptions done by Mary Ann Scherer, whether through her law firm or “Adoption Placement.”
5. Judge Julie Koenig and attorney Mary Ann Scherer are also very close personal friends. As a result, Judge Koenig has frequently called Mary Ann Scherer’s office and talked with Respondent/Ex-wife.
6. Over the past few years Respondent/Ex-wife and Judge Julie Koenig have developed a long standing, friendly relationship.
7. Within the past week, it has come to Petitioner/Ex-husband’s attention that Mary Ann Scherer has recently arranged for a baby to be placed for adoption with Judge Julie Koenig as the adoptive mother.
8. As a result of all of the above fact, the Petitioner/Ex-husband feels that Judge Julie Koenig would be prejudiced and biased against Petitioner/Ex-husband in favor of Respondent/Ex-wife in any hearings or other matters before the Court concerning this case.
We conclude that these facts were sufficient to create a “well-grounded fear on the part of petitioner that he would not receive a fair hearing before the judge.” Wargo v. Wargo, 669 So.2d 1123, 1125 (Fla. 4th DCA 1996) and cases cited therein. See Fla. R. Jud. Admin. 2.160. We therefore grant the writ of prohibition.
WARNER and SHAHOOD, JJ., concur.