POLEN, J.
Petitioner seeks a writ of prohibition, contending that the trial court should have granted her motion for disqualification, which arose from an earlier violation of probation (“VOP”) proceeding. The alleged VOP was the commission of a crime, and the same crime was the subject of a new criminal charge. Both cases were assigned to the same judge.
Prior to the commencement of the VOP hearing, petitioner rejected the state’s plea offer. The state then presented three witnesses in support of its case-in-chief. Before recessing for lunch, the court made the following comments: “Maybe the parties would like to reflect on the testimony offered so far, but again, we will revisit this at 1:30 p.m.”
After the hearing resumed, petitioner moved for disqualification. She alleged that the above remark showed that the court had prejudged her violation before she presented her defense, and that she feared she would not receive a fair hearing. The trial court thereafter granted the motion.
*607 At calendar call on the substantive criminal proceeding, the same trial judge made the following comments:
The violation of probation was a result— after almost a full evidentiary hearing there was a motion to recuse or disqualify. Candidly the motion was legally insufficient however we extended to [defense counsel] at the time the benefit of the doubt. At the time the probation matter was being heard and a comment was made on the record and [petitioner] was directing the defense, she is very involved in the progression of the case.
The petitioner subsequently moved to disqualify the judge, again. She alleged that the above comments, coupled with the previous comment made at the VOP hearing, showed that the court had prejudged the facts surrounding the criminal charge. Unlike the previous motion for disqualification, however, the trial court denied this one, and petitioner now asks us to grant prohibition.
We hold that the motion for disqualification was legally insufficient. A party seeking disqualification must allege facts that show a well grounded fear that the he will not receive a fair trial at the hands of the judge. Wargo v. Wargo, 669 So.2d 1123, 1124 (Fla. 4th DCA 1996)(citing Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). The fact that the trial judge has formed a preliminary opinion about the merits of a case after hearing some of the evidence, however, does not require disqualification. Brown v. Pate, 577 So.2d 645, 647 (Fla. 1st DCA 1991). In this case, the trial judge’s comments showed, at the most, that he may had formed a mental impression from the state’s evidence that petitioner violated her probation. Because the comments did not indicate any bias, prejudice or ill-will on the part of the trial judge, they do not justify his disqualification. See Jackson v. State, 599 So.2d 103, 107 (Fla.1992); Moser v. Coleman, 460 So.2d 385, 386 (Fla. 5th DCA 1984), rev. denied, 467 So.2d 1000 (Fla.1985). Accordingly, we deny the petition.
GUNTHER, J., concurs. KLEIN, J., dissents with opinion.