WALLIS, J.
Petitioner seeks a writ of prohibition ordering the disqualification of the trial judge presiding over the lower proceedings after the judge denied Petitioner’s motion for disqualification as legally insufficient. We grant relief.
Petitioner was charged with various criminal offenses. During a pretrial conference, Petitioner’s trial counsel, Helen N. Silva, requested a continuance to consult with an immigration attorney regarding the potential deportation consequences of accepting the State’s plea offer. Part of the exchange between the.judge and Ms. Silva was as follows:
MS. SILVA: What I have is a new offer. What I have is a client asking me to allow him enough time to consult with not only an immigration attorney, because he’s out of custody and he’s not understanding the whole immigration consequence and I believe he should have a right to do that, and I have a client who’s asking me—
*928 THE COURT: How complicated is it? If he pleads, he’s going to get two years, and then he’s going to be deported from the country. I mean, have I got to hire a scientist to do that? Maybe I got to get Einstein to figure that one out?
After the judge confirmed that Petitioner understood the specific plea offer, the record inquiry escalated as follows:
THE COURT: Does he understand what the offer is?
[PETITIONER]: [Through the Interpreter] I understand the offer.
THE COURT: And he wishes to maintain his not-guilty plea and go to trial? [PETITIONER]: Can I ask a question to my attorney?
THE COURT: I guess so.
MS. SILVA: Your Honor, at this point, if I annoy this Court so much, I am asking this Court to allow me—
THE COURT: Do not point your finger at me. Don’t point your finger at me, and don’t raise your voice to me. This is real simple. I want to make sure that he’s making the decision, that the attorney’s not forcing him, so if it goes highly wrong for him and he winds up in DOC for a significant period of time he’s not blaming you because he made the decision, so he’s aware of the offer, and he’s making the decision, the attorney is not forcing him to go to trial.
MS. SILVA: Your Honor, I’m going to ask the Court to allow me to put in writing a motion to request of this Court to disqualify yourself.
THE COURT: Denied. Thank you. Take it up with the—
MS. SILVA: I still have a rights
THE COURT: Take it up with the appeals court. Yeah, you can file a written motion; it’s denied.
MS. SILVA: — to file that motion in writing.
THE COURT: Thank you.
MS. SILVA: And you’ve already prejudged the motion before I even filed it.
THE COURT: That’s right, because I’ve been sitting here and I’ve watching the whole thing. You’re running — I’m running this court, not you. Thank you.
The hearing concluded with the following exchange:
THE COURT: Thank you. He needs to be here on the morning of March 22 at 8:30. If he’s one minute—
[[Image here]]
[PETITIONER]: But you’re not giving me a chance to find another attorney. I told — I said that I wanted another attorney.
[In English] He’s not giving me the chance.
THE COURT: Then why did we have him here today?
MS. CRUMPLER: Because you — because he did not show up at pretrials and you asked him to be here today.
THE COURT: All right. He needs to be here for the next pretrial. We’ll put his trial on April 22nd at 8:30. Should he fail to appear, there’s a capias with no-bond status.
Thereafter, Petitioner filed a motion to disqualify the judge, alleging prior unsavory interactions between Ms. Silva and the judge. The motion specifically alleged:
Judge Law has expressed discontent with Ms. Silva before, he has expressed discontent in the choice of filings when he questioned the filing of an annulment as opposed to a dissolution of marriage in a case where Ms. Silva’s client discovered that his wife was still married to another. Judge Law followed her to the lobby of his chamber and yelled that he was going to report her to the Florida Bar.
More importantly, the motion referred to the judge’s prejudgment on Petitioner’s motion to disqualify, which occurred during the pretrial conference. Petitioner at *929 tached two affidavits in support of his motion. Petitioner’s own affidavit stated, in part: “I feel that the Judge is not going to be fare [sic] to me because he don’t [sic] like my lawyer and me. At least with a different judge I can have a fare [sic] chance.” The second affidavit was from Amy Bueknell, who was present at the pretrial conference. Ms. Bucknell’s affidavit provided as follows:
I feel that at this point, the way Judge Law was acting towards Mrs. Silva and this case, [Petitioner] will not have a fair unbiased chance. Judge Law made me feel like he already judged [Petitioner] guilty. I feel that Judge Law has violated [Petitioner's rights to a fair trial and legal representation. I have never been so shocked and appalled to see a judge act that way in a courtroom. When I was getting up to leave the courtroom, even the other people sitting in the courtroom had looks of surprise and shock on their faces.[1]
The judge subsequently denied the motion as legally insufficient.
“Prohibition lies to review trial court orders denying motions to disqualify trial judges.” Martin v. State, 804 So.2d 360 (Fla. 4th DCA 2001). This Court reviews an order denying a motion to disqualify under the de novo standard. Gore v. State, 964 So.2d 1257, 1268 (Fla.2007). A motion to disqualify must show that “ ‘the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge’; or that the judge is either an interested party to the matter, related to an interested party, related to counsel, or ‘is a material witness for or against one of the parties to the cause.’” Id. (quoting Fla. R. Jud. Admin. 2.330(d)). A motion to disqualify is legally sufficient if the facts alleged — presumed as true and considered objectively — would reasonably cause a defendant to have a well-founded fear that he or she would not receive a fair trial or hearing before the presiding judge. Shuler v. Green Mountain Ventures, Inc., 791 So.2d 1213, 1215 (Fla. 5th DCA 2001); see also Gore, 964 So.2d at 1268. A defendant’s subjective fear, alone, is insufficient to support disqualification. Shuler, 791 So.2d at 1215.
 Although a judge may form mental impressions and opinions during the course of hearing evidence, he or she may not prejudge the case. Wargo v. Wargo, 669 So.2d 1123, 1124-25 (Fla. 4th DCA 1996) (citing Brown v. Pate, 577 So.2d 645, 647 (Fla. 1st DCA 1991)); accord Barnett v. Barnett, 727 So.2d 311, 312 (Fla. 2d DCA 1999) (“While it is well-settled that a judge may form mental impressions and opinions during the course of hearing evidence, he or she may not prejudge the case.”). In Petitioner’s case, the judge’s immediate denial of the ore tenus motion for disqualification — based entirely upon counsel’s request for an opportunity to file such motion in the future — crossed the line from simply forming mental impressions to prejudging the legal sufficiency of the motion to disqualify. As such, Petitioner had an objectively reasonable, well-founded fear of not receiving a fair hearing or trial before the current judge. Accordingly, we grant the petition for writ of prohibition.
PETITION FOR WRIT OF PROHIBITION GRANTED.
TORPY, C.J. and COHEN, J., concur.

. The record does not indicate the nature of Ms. Bucknell's relationship to the proceedings.