COHEN, J.
The State of Florida has filed a petition for writ of prohibition, seeking to prevent the Honorable Timothy R. Shea from proceeding below in over fifty cases. Effectively, the State seeks to prohibit Judge Shea from presiding over any case involving ■ the Orlando Policé Department (“OPD”). We deny the petition.'
The State’s motions for disqualification, which were filed ’ in fifty-one separate cases, allege that the State fears that Judge Shea cannot be impartial because he has previously expressed bias against OPD and its law enforcement officers. The motions note that Judge Shea will have to rule on objections and motions involving the testimony of OPD officers.
In support of the motions to disqualify, the State provided affidavits from Jeff Ashton, the State Attorney for the Ninth Judicial Circuit, and John Mina, OPD’s Chief of Police. Those affidavits allege that during an August 28, 2014 hearing, Judge Shea berated OPD’s attorney and refused to allow her to be heard on the matter that was before the court. According to Mina’s affidavit, the judge made the following comment:
[T]he only time that Orlando Police Officers show up ,for anything is when their counsel’s here to represent them. and say, let’s not answer questions. Repeatedly, I hear that they don’t show up for depositions. Repeatedly, on a consistent basis. So why don’t you dp me a favor and answer me that question, Counsel for the Orlando Police Department? Why is it your officers ignore subpoenas?
The affidavits further allege that during a September 30, 2014 pre-trial conference, the defense requested a continuance on the ground that a police officer had failed to appear for a deposition. After inquiring about what agency the officer worked for and learning that it was OPD, Judge Shea singled out OPD and ordered every attorney in the room to initiate contempt proceedings against any OPD officer who fails to appear at a deposition. According to Mina, the judge said: “[AJnytime the Orlando Police Department does not show up to a deposition, I want a Rule to Show Cause scheduled for the next morning ... Everybody else shows up; they don’t show up[J”.
Ashton also alleges in his affidavit that investigators for the Judicial Qualifications Commission have asked to interview assistant state attorneys who have appeared before Judge Shea in relation to a complaint that was filed by OPD. Ashton attests that the fact that these assistant state attorneys are now involved in proceedings that could result in sanctions against the judge, coupled with the incidents described above, cause him to fear that Judge Shea can no longer sit as a fair and impartial judge on matters where the State of Florida is a party and OPD members are either potential witnesses or victims.
Judge Shea denied the motions. This Court stayed the order denying the motions for disqualification and ordered a response, which has now been received.
The test a trial court must use in determining whether a motion to disqualify is legally sufficient is “‘whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.’” Barnhill v. State, 834 So.2d 836, 843 (Fla.2002) (quoting MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332, 1335 (Fla.1990)). The motion to disqualify “must be well-founded and contain facts germane to the judge’s undue bias, .prejudice, or sympathy.” Jackson v. State, 599 So.2d 103, 107 (Fla.1992). In addition, the fear of judicial bias *14 must be objectively, rather' than subjectively, reasonable. ’ See Shuler v. Green Mountain Ventures, Inc., 791 So.2d 1213, 1215; (Fla. 5th DCA 2001). On appeal, Whether the motion is-“legally sufficient” is a question of law, and the proper standard of review is de novo. See Barnhill, 834 So.3d at 843.
Initially,' we noté that'the motions'in each casé are virtually identical, with only the nature of the defendant’s charges altered from .motion to motion. None are fact-specific, and-they do not-distinguish among those cases in which OPP is merely the .investigating, agency, and those eases in which an, OPP officer is. either the victim or a crucial witness. Motions for disqualification that paint with such a broad brush are disfavored. See R.M.C. v. D.C., 77 So.3d 234, 237 (Fla. 1st DCA 2012).
Whether the State has an objective fear of bias is a close issue. While' the response correctly notes that Judge Shea’s remarks were made in "the context of motion's that concerned officers failing to attend depositions, his remarks-went beyond those matters. When Judge Shea effectively instructed all of, the lawyers present to set a contempt hearing for the .morning after any OPD officer .failed, to attend a deposition,, he painted with, the same brush used by the State in crafting its motions for disqualification. And when an attorney for OPD sought an order to compel, Judge Shea did not allow her an opportunity to make an argument, instead expressing his frustration over' his perception that OPD officers routinely fail to honor subpoenas.
We are not'in a position to know whether OPD witness conduct is particularly egregious in the sense that property subpoenaed ÓPD witnesses fail to attend depositions more often than1'other law enforcement witnesses. Despite Ju'dge Shea’s comment, it is not an issue unique to OPD. We also .do not know whether the officers were properly noticed for the depositions. What we do know is - that Judge Shea, like .all trial court judges, has an obligation to manage a heavy docket, and that obligation is frustrated when witnesses .fail to attend scheduled depositions. We also know that any lawyer who attempted to set a contempt hearing for the morning after a witness failed to attend a deposition would be wasting his or her time. Such hearings require notice and the opportunity to be heard. We would like to-^believe that Judge Shea and the lawyers present were well aware of this, and that the attorneys viewed his remarks as hyperbole. There are no allegations or evidence that Judge Shea has demonstrated any bias in cases where OPD' officers properly responded to subpoenas. His comments were merely a trope reflecting his frustration with the unnecessary delay occasioned by the failure of officers to attend depositions. We do not find -the .allegations in the motions for disqualification to be legally sufficient to justify Judge Shea’s disqualification in every case where OPD is involved.
Additionally, the law is well-settled that the ‘filing • of a complaint with the Judicial Qualifications Committee is not, alone, a basis for disqualification. See, e.g., Edwards-Freeman v. State, 138 So.3d 507, 509 (Fla 4th DCA 2014).[1]
PETITION DENIED.
ORFINGER and LAMBERT, JJ., concur.

. The fact that there has been a complaint filed with-the Judicial Qualifications Commis *15 sion and that assistant state attorneys have been interviewed is public because the parties filing the motions to disqualify have made it so, If the State believed .that Judge Shea demonstrated bias as a result, it would seem that its request for his disqualification would not be limited to cases involving OPD.