CONNER, J.
. Dunlevy appeals the trial court’.s denials of his motion to withdraw his plea and related motions for a downward departure and disqualification of the trial judge. Although Dunlevy raises several arguments, we address only one issue and agree that the trial court erred in denying Dunlevy’s motion to disqualify. We do not address the other issues raised because they are moot.

Factual Background and Procedural History

In June 2011, Dunlevy was' charged, along with eight other individuals, with multiple counts stemming from an alleged scheme where Dunlevy, as one of the officers of a trust, “knowingly operated a call center that promoted and sold unauthorized stocks.” The trust was never authorized to sell the stocks, and therefore it was alleged that Dunlevy participated in a scheme defrauding numerous investors, “falsely promising the delivery of the shares of stocks to the purchasers, and converting the proceeds of sales to themselves and to others not entitled thereto.” Through testimony at a hearing, it was alleged that Dunlevy “was at least the number three person on the Totem Pole of all of the Defendants.”
In January 2013, prior to entering a no contest plea to four counts of the information, Dunlevy filed a motion for downward departure, arguing as grounds that he has PTSD (supported by the findings of a psychological evaluation), and the need for restitution in the case. After Dunlevy pled no contest to the four counts later that month, the trial court denied Dun-levy’s motion for a downward departure, adjudicated him guilty on all four counts, and sentenced him to time served on one of the counts, and to concurrent fifteen year sentences on the other three counts, Dunlevy was also ordered to pay restitution in the amount of $209,500.00, jointly and severally with his co-defendants.
Approximately two weeks after sentencing, Dunlevy filed a motion to mitigate his sentence. Dunlevy argued that the other co-defendants all received supervision, and that he “is the only alleged Co-Defendant/Co-Conspirator who received or will be receiving any significant prison time.” He also argued that he suffers from PTSD and substance abuse issues, and that he had no criminal history prior to these charges. Two weeks later, and less than thirty days after entering his plea, Dun-levy filed a pro se motion to withdraw his plea, which was adopted by conflict-free counsel appointed to represent him on the motion. His new counsel also filed a motion to disqualify the trial judge in May 2013. In the motion to disqualify, as well as a supplement to the motion to withdraw his plea, Dunlevy alleged facts concerning his case and others and quoted multiple statements by the trial judge in other cases and asserted that the facts and statements show the trial judge has a policy of sentencing. defendants more harshly for being indigent and unable to pay restitution at the time they.are resolving their cases in violation of the Equal Protection Clause to the U.S. Constitution. Dunlevy also alleged that he received a disproportionately more severe incarceration sentence than his co-defendants because, unlike his co-defendants, he was not able to pay as much restitution or as quickly as his co-defendants. The trial court denied Dunlevy’s motion to disqualify as legally insufficient.
Prior to the trial court’s order denying his motion to withdraw plea, Dunlevy filed a petition for writ of prohibition with this Court, seeking review of the denied motion to. disqualify. We entered an order denying the petition, simply stating the petition “is denied.”
*735 After a hearing, the trial court denied Dunlevy’s motion to withdraw his plea, and entered another order denying his motion to mitigate. Dunlevy gave notice of appeal.

Appellate Analysis

The sole issue that we address is whether the trial court erred in denying Dunlevy’s motion to disqualify. As an initial matter, consideration of that issue is not precluded by our denial of Dunlevy’s petition for prohibition addressing the same motion.
Our supreme court has determined that a writ of prohibition is the proper avenue for immediate review of a denied motion to disqualify. See Sutton v. State, 975 So.2d 1073, 1077 (Fla.2008) (“This Court has recognized that prohibition is a proper remedy to seek review of the denial of a motion to disqualify, and we have implicitly recognized in this context that the petitioners would not have an adequate remedy through direct appeal at the conclusion of the trial. The need for immediate review after a denial of a motion to disqualify arises due to practical considerations.”). Additionally, our supreme court has stated:
To ensure that all issues are uniformly given due consideration, henceforth une-laborated orders denying relief in connection mth all extraordinary writ petitions issued by Florida courts shall not be deemed to be decisions on the merits which would later bar the litigant from presenting the issue under the doctrines of res judicata or collateral estoppel unless there is a citation to authority or other statement that clearly shows that the issue was considered by the court on the merits and relief was denied.
Topps v. State, 865 So.2d 1253, 1258 (Fla.2004) (first emphasis added). Therefore, since our order denying Dunlevy’s petition for writ of prohibition was entered simply stating it was denied, without • citation or explanation, .the denial does not preclude review of the same order on direct appeal.
As for the merits of the issue, “[t]he standard of review of a trial judge’s determination on a motion to disqualify is de novoi” Stein v. State, 995 So.2d 329, 334 (Fla.2008) (citing Gore v. State, 964 So.2d 1257, 1268 (Fla.2007)).
At the time of the trial court’s denial of the motion to. disqualify and our review of the prohibition petition, Noel v. State, 127 So.3d 769 (Fla. 4th DCA 2013) (Noel I), was valid legal precedent. However, thereafter, between our order on the prohibition petition and this appeal, our supreme court quashed Noel I in Noel v. State, 191 So.3d 370 (Fla.2016) (Noel II). In Noel II, our supreme court explained that, in the underlying case, the trial court sentenced the defendant to ten years in prison, followed by ten years of probation, but added the condition that, if, the defendant paid $20,000 in restitution within 60 days, the. prison sentence would be “mitigated” to eight years instead of ten. Id. at 373. In analyzing the issue as a due process claim, the court explained:
A trial court may consider a defendant’s financial resources at sentencing. See Bearden (v. Georgia ], 461 U.S. [660] at 669-70, 103 S.Ct. 2064 [76 L.Ed.2d 221 (1983) ]. “But Bearden’s allowance for limited consideration of the defendant’s financial background does not undermine the core constitutional prohibition against imposition of a longer prison term as a substitute for a monetary penalty.” United States v. Burgum, 633 F.3d 810, 815 (9th Cir.2011). “[I]t is well established that the Constitution forbids imposing a longer term of imprisonment based on a defendant’s inability to pay restitution.” Id. at 8.14. Bearden expressly referred to “the im- *736 permissibility of imprisoning a defendant solely because of his lack of financial resources.” Bearden, 461 U.S. at 661, 103 S.Ct. 2064.
Id. at 379 (emphasis added). Applying these principles to the case, our supreme court held: “We view a sentence providing for a reduction of prison time upon the payment of restitution no different than a trial court imposing a lengthier sentence if the defendant fails to make a restitution payment—both being impermissible sentences.” Id. Therefore, under Bearden and Noel II, it is improper for a trial court to impose harsher sentences on individuals unable to pay restitution.
“In ruling on the motion [to disqualify], the judge cannot pass on the truth of the factual allegations set forth in the sworn motion or affidavit, but must take them to be true, deciding only the legal'sufficiency of the motion.” City of Hollywood v. Witt, 868 So.2d 1214, 1217 (Fla. 4th DCA 2004). Taking Dunlevy’s allegations in the motion to disqualify as true, coupled with the decision in Bearden and Noel II, Dunlevy’s motion to disqualify shohld have been granted as legally sufficient. Dunlevy would have a reasonable fear of bias against him because of the court’s policy of imposing harsher sentences on individuals unable to pay restitution. See e.g., Hayes v. State, 686 So.2d 694, 696 (Fla. 4th DCA 1996) (holding that a judge’s announced policy of never sentencing a defendant to time served for violation of probation was legally sufficient to cause defendant a fear of bias in sentencing). Although the policy in this case was not specifically announced by the trial court judge, Dunlevy’s allegations, examples, and arguments in his motion to disqualify support this reasonable fear. Cf. Keitel v. Agostino, 162 So.3d 88, 90 (Fla. 4th DCA 2014) (quoting Barwick v. State, 660 So.2d 685, 693 (Fla.1995)) (“A legally sufficient motion for disqualification cannot be based upon rumors or gossip about what the trial court allegedly said to unidentified people, at unidentified times, and under unidentified circumstances.”)
Since we are reversing the trial court’s order denying Dunlevy’s motion to disqualify, all of the trial court’s orders following that motion are vacated. See State v. Borrego, 105 So.3d 616, 621 (Fla. 3d DCA 2013) (“Because we conclude the judge should have granted the motions to disqualify him, his subsequent rulings were without authority and are hereby vacated.”). We therefore remand for proceedings consistent with this opinion before a different judge on the defendant’s motions which the trial court denied.

Reversed and remanded.

GERBER and KLINGENSMITH, JJ., concur.