IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

       Petitioner,

 v.                                                              Case No.  5D17-0665

RICHARD L. GRESHAM,

       Respondent.

_____/

Opinion filed March 31, 2017

Petition for Writ of Prohibition,
Emerson R. Thompson, Jr., Senior Judge.

Aramis D. Ayala, State Attorney, and Kaley
Lauren Austin-Aronson, Assistant State
Attorney, Orlando, for Petitioner.

No Appearance for Respondent.


PER CURIAM.

The State of Florida petitions for a writ of prohibition following the denial of its motion to disqualify the senior trial court judge from presiding over Richard Gresham's case. Because the motion was legally sufficient and timely, we grant the writ. See Fla. R. Jud. Admin. 2.330.

This case involves the prejudgment of a motion to suppress by a senior judge temporarily assigned to the case. After a review of the record, we conclude the comments

were sufficient to put a reasonably prudent person in well-founded fear of not receiving a fair or impartial hearing or trial.[1]  See Shuler v. Green Mountain Ventures, Inc., 791 So. 2d 1213, 1215 (Fla. 5th DCA 2001) (holding that fear of judicial bias giving rise to disqualification motion must be objectively reasonable (citation omitted)); see also Pilkington v. Pilkington, 182 So. 3d 776, 779 (Fla. 5th DCA 2015) ("Disqualification based upon comments by a judge is required only when they indicate the judge has prejudged the case or is biased." (citing Wargo v. Wargo, 669 So. 2d 1123, 1124-25 (Fla. 4th DCA 1996))); Minaya v. State, 118 So. 3d 926, 929 (Fla. 5th DCA 2013) ("Although a judge may form mental impressions and opinions during the course of hearing evidence, he or she may not prejudge the case." (emphasis added) (citing Wargo, 669 So. 2d at 1124-25)).

Thus, the only question that remains is whether the motion was timely.  We conclude that it was.  The initial hearing took place on January 23, 2017.  It was at that hearing that the senior judge made the comments providing the basis for the motion.  The State did not file the motion to disqualify at that time because the judge told defense counsel:

> Okay.  The reason I say is that I am not going to be - - I won't see this case again.  So the next judge may look at the facts differently than mine [sic]. . . .

A new hearing was set and subsequently reset after the State had difficulty securing a witness.  The senior judge was not assigned to hear the motion.  Therefore, the issue was moot.

---

[1] The prejudgment was so clear that Gresham was persuaded to abandon a favorable plea agreement and continue with the motion.

The case was set for trial on February 6, 2017 and unexpectedly reassigned to the senior judge. On February 7, 2017, the State filed its motion to disqualify the senior judge. The motion was denied as legally insufficient, citing Florida Rule of Judicial Administration 2.330(e), which is the timeliness subsection. On February 8, 2017, the State filed an amended motion, specifically arguing that the necessity to file the motion after the initial hearing became moot once the senior judge was not assigned to hear it. On February 10, 2017, the motion was denied as legally insufficient and successive.

Rule 2.330(e) provides:

> **Time.** A motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling. Any motion for disqualification made during a hearing or trial must be based on facts discovered during the hearing or trial and may be stated on the record, provided that it is also promptly reduced to writing in compliance with subdivision (c) and promptly filed. A motion made during hearing or trial shall be ruled on immediately.

Because the senior judge was only temporarily assigned to hear the motion to suppress on January 23, and there was no indication he would be presiding over the case after that day, there was no need for the State to file the motion to disqualify at that time. The matter only became an issue once the senior judge was reassigned to the case on February 6. We therefore conclude the motion was timely as the 10-day time-limit under the rule did not begin to run until February 6, 2017. Accordingly, we grant the writ of prohibition.

PETITION GRANTED.

SAWAYA, PALMER and BERGER, JJ., concur.

3