May, J.
Florida Rule of Criminal Procedure 3.840(e) dictates a reversal in this case.
An attorney appeals a contempt order that arose during a foreclosure action. He argues the contempt order should be reversed because the trial judge should have disqualified himself from the hearing on the order to show cause, and in any event erred in finding him in contempt. We agree that under the facts of this case, the trial judge was required to disqualify him *1205 self. This requires us to reverse and remand the contempt order for a new hearing before another judge, rendering the sufficiency of the evidence and process arguments moot.
■ The bank filed a foreclosure complaint against the borrower. At an initial case management conference, the bank informed the trial judge that it intended to amend its complaint. The trial judge issued an order scheduling a second case management conference. The order stated:
SHOULD YOU FAIL TO PERSONALLY ATTEND THE CASE MANAGEMENT CONFERENCE, YOUR FAILURE TO ATTEND COULD RESULT IN A DISMISSAL, DEFAULT, STRIKING THE ABSENT PARTIES’ PLEADINGS AND/OR OTHER APPROPRIATE SANCTIONS.
The bank amended its complaint, and the borrower moved to dismiss. At the second case management conference, defense counsel failed to appear. The trial judge denied the motion to dismiss and scheduled a third case management conference.
During that conference, the trial judge called defense counsel on speaker phone and was “initially met with some resistance from his office staff.” The receptionist told the judge that defense counsel was on a phone call. The trial judge advised that he needed to speak directly with him.
The judge was put on hold. An associate attorney then came on the line stating that “his office did not feel the need to attend the CMC because Defendant and [the bank’s] counsel had worked out an agreed order on the pending Motion to Dismiss.” The trial judge informed the associate that compliance with court orders is required and that he still needed to discuss the basis for noncompliance with defense counsel. The trial judge was then placed on hold again.
When defense counsel came on the line, he informed the trial judge he did not believe he was required to attend because:
1. He had worked out an agreement on the defendant’s pending Motion to Dismiss with [the bank]’s counsel and that [the bank]’s counsel was presenting the proposed order.
2. That he did not feel the case was in a sufficient “posture” to “warrant” a case management conference.
3. That he did not feel that CMC was worthy of having even coverage counsel attend.
4. That he essentially ignored the CMC order and had no qualms about ignoring the same.
In its order on the second case management conference, the trial judge noted that defense counsel failed to appear because he thought it was unnecessary based on the case’s posture. The trial judge then issued an order to show cause.
Defense counsel responded to the order, “sincerely apologizing]” and taking full responsibility. Based on his prior experience in Palm Beach County, he explained that when outstanding motions have been resolved by the parties, it is normally sufficient for the plaintiff to submit the agreed order, which concludes the case management conference. He further mentioned that he was trying to limit his client’s attorney’s fees and costs due to financial struggles.
At the hearing on the order to show cause, defense counsel pled no contest. He again apologized and testified that he was unaware the trial judge was placed on hold. He stated that he had the utmost respect for judges and has never had a problem with any court proceedings in the 28 years he has been practicing.
*1206 The trial judge stated: “It was crystal clear to this judge that his comments were meant to embarrass, hinder, and obstruct the Court in the administration of justice, and at a minimum, to lessen the Court’s authority or dignity.” While the trial judge appreciated the apology, the judge found the attorney
guilty of direct criminal contempt for purposefully and willfully and with contumacious disregard to the court’s authority ignore and willfully disobey a court order requiring him to appear for a properly scheduled and ordered case management conference as well as for his statements that the posture of the case did not warrant the Court having a case management , conference, his willful failure to attend such conference/hearing and for his comments intending to assault the dignity of the courts’ in general as well as the comment that such conference did not even warrant coverage counsel attending.
The trial judge fined him $500. He was committed to St. Lucie County jail for “10 days, suspended, pending compliance with all of the terms of th[e] order,”
Prom the direct criminal contempt order, the attorney now appeals.[1]
The attorney argues the trial judge erred in entering the contempt order because the trial judge was required to disqualify himself from the proceeding. He argues there was insufficient evidence to show that his conduct warranted contempt charges. He further argues the trial judge erred in holding him in criminal contempt without providing proper notice of the charge of direct criminal contempt, and the trial judge followed procedures resembling indirect criminal contempt,
The bank ■ responds that the issues raised do not affect it. It argues that the trial judge had discretion to issue sanctions for failure to appear at a case management conference. But, the bank believes t}ie conduct did not .constitute direct criminal contempt as found by the trial judge.
The attorney argues the trial judge was required to disqualify himself from presiding on the order to show cause hearing because the contempt charge was for disrespectful conduct towards the judge. He suggests that the chief judge of the circuit should have requested the chief justice of the Florida Supreme Court to appoint another judge for the hearing. We agree.
Rule 3.840(e) provides: “If the contempt charged involves disrespect to or criticism of a judge, the judge shall disqualify himself or herself from presiding at the hearing. Another judge shall be designated by the chief justice of the supreme court.” Fla. R. Crim. P. 3.840(e). Strict compliance with rule 3.840 is required. Fiore v. Athineos, 9 So.3d 1291, 1293 (Fla. 4th DCA 2009),
Here, the contempt charge involved the attorney’s disrespect to the trial judge in open court on speaker phone. During the hearing on the order to show cause, the judge stated: “Do you recognize or not that you essentially told me to go soak my head?” He added: “[T]hat is completely an unqualified rejection of showing any respect for a judicial officer or the proceedings of the Court.” Because the attorney’s conduct was directed toward the judge, the judge was required to disqualify himself from the proceeding.
The trial judge failed to comply with rule 3.840(e). This was fundamental error. *1207 Blechman v. Dely, 138 So.3d 1110, 1114 (Fla. 4th DCA 2014). We therefore reverse and remand this case for a new hearing on the order to show cause before another judge.

Reversed and Remanded.

Ciklin, C.J., and Taylor, J., concur.

. Defense counsel then moved to disqualify the trial judge from the entire case; the trial judge denied the motion.