IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

A.L.P., A CHILD,

          Petitioner,

 v.

          Case No.  5D22-1566
          LT Case Nos. 2021-78-CJMA
                    2020-65-CJMA

STATE OF FLORIDA,

          Respondent.

_____/

Opinion filed July 15, 2022

Petition for Writ of Prohibition,
Joan Anthony, Respondent Judge.

Matthew J. Metz, Public Defender,
and Kelly M. Traynor, and Craig R.
Atack, Assistant Public Defenders,
St. Augustine, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Allison Leigh
Morris, Assistant Attorney General,
Daytona Beach, for Respondent.

PER CURIAM.

A.L.P. petitions this court for a writ of prohibition following the denial of his motion to disqualify the presiding judge. We conclude that the motion to disqualify was legally sufficient and, accordingly, we grant the writ.

A party may seek disqualification of an assigned trial judge when the party reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge. Fla. R. Gen. Prac. & Jud. Admin. 2.330(e)(1). "To be legally sufficient the motion to disqualify must establish a 'well-grounded fear on the part of the movant that he will not receive a fair hearing,' and such fear must be objective rather than subjective." *Dumas v. State*, 331 So. 3d 307, 308 (Fla. 5th DCA 2021) (quoting *Lynch v. State*, 2 So. 3d, 47, 78 (Fla. 2008)). Here, the motion to disqualify alleged that the trial judge made specific comments, before evidence was ever introduced in the case, that would put a reasonably prudent person in well-founded fear of not receiving a fair or impartial hearing. While a trial judge may form mental impressions and opinions during the course of a hearing, he or she may not, as it appears the presiding judge did here, prejudge the case. *E.g., id.* (citing *Minaya v. State*, 118 So. 3d 926, 929 (Fla. 5th DCA 2013)). We grant the writ of prohibition and remand this case for assignment to a different judge.

PETITION GRANTED.

EVANDER, WALLIS, and NARDELLA, JJ., concur.