# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2025-0873
LT Case No. 2025-DR-000954

_____

CHRISTINA MEREDITH,
individually, and o/b/o B.M., a
Child,

     Appellant,

     v.

JOHN MEREDITH,

     Appellee.

_____

On appeal from the Circuit Court for Duval County,
Eric C. Roberson, Judge.

Lawrence C. Datz, of Datz & Datz, P.A., Jacksonville, for
Appellant.

No Appearance for Appellee.

September 26, 2025

PER CURIAM.

     The trial court dismissed a petition filed by Appellant ("Wife")
that sought a domestic violence injunction against Appellee
("Husband"). We reverse and remand for a new hearing before a
different judge.

     Wife alleged that Husband swung a metal furniture dolly near

her and the parties' daughter ("Child"). She also alleged that after learning that she wanted a divorce, Husband yelled profanities and threw things against the wall. She claimed that when she fled to the bedroom, Husband followed and threw a diaper bag at her so hard that "it knocked the wind out of" her. These alleged events occurred in Pinellas County. Wife filed her petition in Duval County, where she now resides.

At the start of the hearing on her petition, Wife testified that Husband "picked up a furniture dolly and swung it like a baseball bat just about a foot-and-a-half from me and my daughter." The judge asked, "So wait. That happened in Clearwater?" When Wife confirmed that it did, the judge expressed surprise and said that he had concerns about venue. Wife's counsel noted that the injunction statute allows Wife to file her petition in the circuit where she lives. The judge responded, "They are moving. She moves up here and seeks the injunction as soon as she unfolds her flag here? I will just take that into account. It's part of my decision making then."

This became the theme of the hearing. The judge interrupted Wife's testimony to say, "This feels very tactical. Everything occurs in Clearwater. Let's move up here, file the injunction some four-and-a-half hours away. Yeah. This feels very tactical to me." He continued, "I don't know why Duval County should waste its resources on something that really should be dealt with in Pinellas County." He said that he was "taking note of what seems like a pretty clear motive to me." Wife's counsel protested that the judge sounded like he had already made up his mind. The judge said that he had "certainly formed opinions in the course of hearing the testimony and reading this."

Wife explained that she moved to Duval County because she and Husband are originally from the area. Further, they agreed that she should move there so that Child could receive treatment at Wolfson Children's Hospital. Husband did not dispute this account. In fact, he testified that he "was eventually going to look for jobs and move to Jacksonville to continue working on" the parties' marriage and his relationship with Child.

At the close of evidence, the judge announced that he would

2

not hear arguments. He said that "every step along the way makes me feel like this Court is being used as a pawn in a game to gain a tactical advantage in an impending divorce." He reiterated that he was "being used as part of a strategic decision" and that Wife's credibility was "completely lacking." He added, "And, God, I hope the family law Court takes that into consideration once they finally get this case, but the evidence is absolutely insufficient and incredible to issue an injunction for this." He dismissed Wife's petition.

Wife moved for a new trial or rehearing. She alleged that the judge unfairly penalized her for filing her petition in Duval County. She also moved for disqualification, citing the judge's remarks about where she filed her petition. She alleged that he accused her of doing "something wrong or inappropriate simply by exercising her statutory right to proceed in the county where she resides." In her view, the judge's comments "sounded personal" and created the impression that he was biased against her. The judge denied both motions.

On appeal, Wife challenges the denial of her motion to disqualify and the dismissal of her injunction petition. Since we agree with her about disqualification, we need not reach the merits of her petition. *See Rosenwater v. Deutsche Bank Nat'l Tr. Co.*, 220 So. 3d 1204, 1204–05 (Fla. 4th DCA 2017) (explaining that because the panel agreed with the appellant about disqualification, his argument about the sufficiency of the evidence was rendered moot); *Dunlevy v. State*, 201 So. 3d 733, 734 (Fla. 4th DCA 2016) ("Although Dunlevy raises several arguments, we address only one issue and agree that the trial court erred in denying Dunlevy's motion to disqualify. We do not address the other issues raised because they are moot.").

A party may seek disqualification when "the party reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Gen. Prac. & Jud. Admin. 2.330(e)(1). On appeal, we review the motion's legal sufficiency de novo. *State v. Banner*, 178 So. 3d 12, 14 (Fla. 5th DCA 2014).

"Although a judge may form mental impressions and opinions

3

during the course of hearing evidence, he or she may not prejudge the case." *Minaya v. State*, 118 So. 3d 926, 929 (Fla. 5th DCA 2013). Comments that indicate prejudgment require disqualification. *See Pilkington v. Pilkington*, 182 So. 3d 776, 779 (Fla. 5th DCA 2015). That is what occurred here. The judge's remarks—including those about Duval County wasting resources and his hope that a divorce court would hold Wife's petition against her in the future—would cause a reasonable person to conclude that he prejudged the case based on where Wife filed her petition.

Because the motion was legally sufficient, the judge should have granted it. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.330(h); *see, e.g.*, *H.S. v. Dep't of Child. & Fams.*, 384 So. 3d 280, 286 (Fla. 4th DCA 2024) (holding that a motion was legally sufficient where it appeared "the trial judge had prejudged the case before hearing the father's motion such that she would not rule in the father's favor, regardless of the legal merits"); *Wargo v. Wargo*, 669 So. 2d 1123, 1125 (Fla. 4th DCA 1996) (reaching the same result in a case where a judge made "gratuitous remarks" that disparaged a party's position before hearing any evidence and did not allow counsel to present argument, which created a well-grounded fear that the party would not receive a fair hearing).

Moreover, the record does not allow a finding of harmless error. *See Davis v. State*, 347 So. 3d 315, 318, 326–27 (Fla. 2022) (holding that the harmless error test applies to the denial of a legally sufficient motion to disqualify in a criminal case); *Viera v. Viera*, 365 So. 3d 427, 430 n.3 (Fla. 3d DCA 2023) (indicating that the test also applies in civil cases). An error is harmless when there is no reasonable possibility that it contributed to the result. *See Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla. 2014).

This case falls well short of that threshold. The hearing was a credibility contest between Husband and Wife. The judge deemed Wife not credible, but that determination was based entirely on his unfounded belief—which he stated early and often—that Wife should not have filed her petition in Duval County. As Wife noted at the hearing, the domestic violence injunction statute allows a petition to be "filed in the circuit *where the petitioner currently or temporarily resides*, where the respondent resides, *or* where the domestic violence occurred." § 741.30(1)(j), Fla. Stat. (2025)

4

(emphasis added). "There is no minimum requirement of residency to petition for an injunction for protection." *Id.* The judge's criticism was also at odds with the testimony of Husband and Wife, who explained the good faith basis for Wife's move to Duval County. The judge should not have viewed Wife's petition with a jaundiced eye based on where she filed it. Instead, he should have evaluated whether she proved that she was a victim of domestic violence. *See* § 741.30(6)(a), Fla. Stat.

Because the judge appears to have prejudged Wife's petition, we reverse and remand for a new hearing in front of another judge. *See H.S.*, 384 So. 3d at 286; *Dumas v. State*, 331 So. 3d 307, 308–09 (Fla. 5th DCA 2021).

REVERSED and REMANDED with instructions.

JAY, C.J., and HARRIS and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____